Guadalupe GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 51483.

Court of Criminal Appeals of Texas.

June 23, 1976.

Bill Wischkaemper, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Davis A. Hess, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant, while in custody charged with a felony, escaped by the use of a deadly weapon. He was convicted for that offense and the jury assessed punishment at imprisonment for 8 years.

The appellant contends the trial court erred in (1) granting the State's motion to

amend the indictment; (2) refusing to grant appellant's motion for change of venue; (3) refusing to grant appellant's motion requesting that he be tried on previous charges in order in which they were filed; (4) allowing the State to refer to and allude to an iron bar in the presence of the jury; (5) admitting in evidence a piece of sheet with blood on it; (6) failing to charge the jury on the lesser included offense of escape from custody without the use of a deadly weapon; (7) cumulating appellant's sentence; and (8) denying appellant the right to open and close the jury arguments at the punishment stage of the trial.

The record reflects that on July 12, 1974, the appellant was incarcerated in the Lubbock County Jail, having been previously charged with the felony offense of aggravated rape. On July 17, 1974, the appellant and ten other prisoners sawed through a bar of their cell with a hacksaw blade, struck the jailer with the sawed off bar, tied him up with a sheet and effected their escape. A short time later appellant was apprehended and returned to jail.

The appellant contends the trial court erred in granting the State's motion to amend the indictment after both parties had announced ready. Appellant relies on Article 28.10, V.A.C.C.P., which provides as follows:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

The grand jury returned an indictment which alleged, in pertinent part, that the appellant

" . . . did then and there after being charged with and convicted of a felony offense, to-wit: Aggravated Rape, did intentionally and knowingly escape from custody, to-wit: Lubbock County Jail, Lubbock County, Texas, and the said GUADALUPE GARCIA did then and there to effect his escape intentionally and knowingly use a deadly weapon, to-wit: a metal bar from that in the manner of its use and intended use was capable of causing death and serious bodily injury."

After the State had announced ready and the appellant had announced ready subject to the court's ruling on pending motions, the trial court granted the State's "motion to amend" the indictment by deleting the phrase "and convicted of"; after the deletion the indictment alleged that the appellant "did then and there after being charged with a felony offense, to-wit: Aggravated Rape, . . . " etc.

While the trial court granted what the State referred to as a "motion to amend" the indictment, there was in fact no amendment such as would invoke the provisions of Article 28.10, V.A.C.C.P.; the State was merely abandoning one of its theories of prosecution.

Appellant was charged under V.T.C.A. Penal Code, Section 38.07; that section provides as follows:

"(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

"(b) Except as provided in Subsections (c) and (d) of this section, an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if the actor:

"(1) is under arrest for, charged with, or convicted of a felony; or

"(2) is confined in a penal institution.

"(d) An offense under this section is a felony of the second degree if the actor used or threatened to use a deadly weapon to effect his escape."

The constituent elements of the offense are that a person (1) escape, (2) from custody, (3) after having been arrested for, charged with or convicted of an offense. Where there are several ways or means by which an offense may be committed set forth in the same statute and those ways or means are subject to the same punishment they may be charged conjunctively in one count.

30 Tex.Jur.2d, Indictment and Information, Sec. 42, p. 610; *Watkins v. State*, 153 Tex. Cr.R. 559, 223 S.W.2d 24 (1949). Therefore, an indictment charging the offense of escape may properly allege conjunctively in one count that the escape from custody was effected after the actor was *arrested for, charged with, and convicted of an offense.* Allegation and proof of any of the three statutory reasons for the accused's being in custody will suffice to support a conviction for the offense of escape.

■ Appellant was initially charged with having escaped from custody after having been "charged with and convicted of" a felony offense. The State, by means of a "motion to amend" the indictment, merely abandoned its theory that appellant escaped from custody after having been *convicted* of a felony offense; regardless of how the State chose to denominate its motion, the effect thereof was a proper abandonment of one of the theories charged. This case is unlike *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975), where the State was erroneously allowed to amend a duplicitous indictment by deleting descriptive allegations; the amendment there was held to be one of substance and violative of Article 28.10, V.A.C.C.P. Here there was no amendment, but merely an abandonment of one of the ways or means by which the offense could be committed. No violation of Article 28.10, V.A.C.C.P., has been shown. This ground of error is overruled.

Appellant next complains of the trial court's failure to grant a change of venue. The trial took place in the 140th District Court of Lubbock County; the offense was committed in Lubbock.

At the hearing on the motion for change of venue, appellant called as witnesses a number of people in the news media, including representatives of a local newspaper, local television stations, and local radio stations. Copies of articles concerning the offense were placed in evidence. Broadcast journalists, when called as witnesses, read aloud the news items concerning the offense in issue which their stations aired in the days following the escape. We find, from a review of these articles and broadcasts, that they present a fair, non-inflammatory account of the offense and its surrounding circumstances published for the purpose of informing the public of current events.

James Stewart, district supervisor for the Beverage Sales Company and a former Lubbock police officer, was the only witness who even approached stating that the appellant could not get a fair trial in Lubbock County; he stated, "I feel right now it might be a little difficult." Most of the witnesses called by both the State and the appellant indicated that they thought appellant could get a fair trial in Lubbock County.

The record of the voir dire of the jury panel is before us; it reflects that none of the veniremen were disqualified and that the only venireman challenged for cause was so challenged by the State. Further, many of the members of the jury panel indicated that they had not read or heard anything concerning the case.

■ The applicant for a change of venue has a heavy burden of proving there exists such prejudice in the community that the likelihood of obtaining a fair and impartial jury is doubtful. Absent such a showing, the trial judge is well within the limits of his discretion in denying the change of venue. *Mitchell v. State*, 524 S.W.2d 510 (Tex.Cr.App.1975); *Ward v. State*, 427 S.W.2d 876 (Tex.Cr.App.1968). Having considered the evidence introduced at the pretrial hearing, examined the contents of the newspaper, television and radio coverage in evidence, and read the voir dire of the jury panel and noticed the lack of difficulty in securing a qualified jury, we conclude that the court did not abuse its discretion in overruling appellant's motion for a change of venue. This ground of error is overruled.

■ Appellant next complains of the trial court's action in overruling his motion to require the State to try cases pending

against him "in the order in which the[y] . . . were filed." Appellant insists that the State should have been required to first try the cases for which he was being confined at the time of the commission of the instant offense before trying him in the case at bar for the offense of escape. In substance, it is appellant's contention that the court erred in calling the case for trial out of numerical order.

The matter of calling cases for trial on the docket is within the discretion of the trial judge. *Rae v. State,* 423 S.W.2d 587 (Tex.Cr.App.1968); *Sowers v. State,* 157 Tex.Cr.R. 345, 248 S.W.2d 949 (1952); *Wechsler v. State,* 172 Tex.Cr.R. 559, 361 S.W.2d 379 (1962). We perceive no abuse of discretion. This ground of error is overruled.

In three grounds of error, the appellant contends the trial court erred in allowing the State to refer to the sawed off iron bar used during the jailbreak. It is appellant's contention that the iron bar was never shown to have been a deadly weapon as that term is defined in the Penal Code and, further, that the condition of the bar had changed and the chain of custody had been broken.

■■■ The indictment returned against appellant alleged that he effected his escape by the use of "a deadly weapon, to-wit: a metal bar that in the manner of its use and intended use was capable of causing death and serious bodily injury." It was therefore incumbent upon the State to show the use of a metal bar in such a fashion as to come within the definition of "deadly weapon" contained in V.T.C.A. Penal Code, Sec. 1.07(a)(11). That section provides that a deadly weapon is:

"(A) . . .

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

C. H. Blanchard, Sheriff of Lubbock County, testified that if the iron bar wielded in the jailbreak were to be used as a weapon, it would be capable of causing serious bodily harm. He further testified that the iron bar could cause serious bodily harm or death if it were used to hit a person on the head. We conclude the evidence is sufficient to show that a metal bar was used to effect the jailbreak and that the bar was a "deadly weapon" within the meaning of V.T.C.A. Penal Code, Sec. 1.07(a)(11).

■■■ Appellant's objection in the trial court that the condition of the bar had changed and that the chain of custody had been broken was sustained; the bar was not introduced into evidence and the State was directed not to exhibit it before the jury. Appellant's contention that the trial court should have additionally prohibited the State from referring to or alluding to the iron bar is without merit. The sawed off bar was certainly relevant to an issue in the case and we fail to see how questions regarding the admissibility of the exact bar used in the escape could affect the State's prerogative to adduce testimony that a metal bar was, as alleged, wielded by the escaping prisoners. The trial court granted appellant all the relief to which he was entitled. These grounds of error are overruled.

■■■ In two grounds of error the appellant asserts the trial court erred in admitting in evidence a piece of blood-stained sheet with which the escaping prisoners gagged the jailer. It is his contention that the chain of custody had been broken and that the sheet was highly prejudicial.

Sheriff Blanchard identified the sheet in question by means of a tag which had been placed on it and by blood stains which appeared on the sheet. He stated that it had been in his possession until he had turned it over to the district attorney for use in the trial of another one of the prisoners who had escaped at the same time as appellant.

There was no showing that the exhibit had been tampered with or changed in any way. The exhibit was sufficiently identified at the trial by Sheriff Blanchard. See *Atkins v. State,* 515 S.W.2d 904 (Tex.Cr.

App.1974); *Sherman v. State,* 501 S.W.2d 649 (Tex.Cr.App.1973); *Salinas v. State,* 507 S.W.2d 730 (Tex.Cr.App.1974). Also see *Noah v. State,* 495 S.W.2d 260 (Tex.Cr.App. 1973); *Walker v. State,* 470 S.W.2d 669 (Tex.Cr.App.1971); *Mitchell v. State,* 488 S.W.2d 786 (Tex.Cr.App.1973).

■ It has been held that bloody clothing is admissible if it has relevance such that a verbal description thereof would be admissible. *Short v. State,* 511 S.W.2d 288 (Tex.Cr.App.1974); *Harrison v. State,* 501 S.W.2d 668 (Tex.Cr.App.1973), and cases cited therein. Certainly the sheet with which the jailer was gagged, used as it was to assist in the perpetration of the instant offense, could be described and testified about; therefore, the fact that it had blood on it would not require its exclusion from evidence. These grounds of error are overruled.

■ The appellant next contends the trial court erred in failing to charge the jury on the lesser included offense of escape from custody while charged with a felony offense.

Assuming arguendo that the record contains sufficient evidence to raise the issue of the lesser included offense of escape from custody while charged with a felony offense, and that a sufficiently explicit objection to the charge was made, we must evaluate the court's charge. The jury was charged on the elements of the offense as follows:

"1.

"A person arrested for, charged with, or convicted of an offense commits an offense if he escapes intentionally or knowingly from custody.

"An offense under this section is a felony of the third degree if the defendant:

"(1) Is under arrest for, charged with, or convicted of a felony; or

"(2) Is confined in a penal institution.

"An offense under this section is a felony of the second degree if the defendant used or threatened to use a deadly weapon to effect his escape."

The court then charged as follows:

"7.

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, GUADALUPE GARCIA, acting alone or together with other parties, on or about the 12th day of July, 1974, in the County of Lubbock, and State of Texas, as alleged in the indictment, did then and there after being charged with an offense, to-wit: Aggravated Rape, a felony, did intentionally or knowingly escape from custody, to-wit: Lubbock County Jail, Lubbock County, Texas, and the said GUADALUPE GARCIA did then and there to effect his escape intentionally or knowingly use or threaten to use a deadly weapon, to-wit: a metal bar that in the manner of its use and intended use was capable of causing death and serious bodily injury, you will find the defendant guilty of escape after being charged with a felony offense less than capital and by using a deadly weapon to effect his escape but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of escape after being charged with a felony offense less than capital and by using a deadly weapon to effect his escape, and proceed to consider whether the defendant is guilty of the lesser included offense of escape while under arrest charged with a felony.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

The court charged on the elements of both the greater and lesser offenses, and then further charged the jury that if they had reasonable doubt that the appellant was guilty of the greater offense, they should acquit the appellant of that offense and "proceed to consider whether the defendant is guilty of the lesser included offense of escape while under arrest charged with a felony."

While no model for jury charge on a lesser included offense, we hold that the court's charge, read as a whole, contains a minimally sufficient charge on the lesser included offense of escape from custody while charged with a felony offense. It would be a better practice to submit the instruction on the lesser included offense in a separate paragraph. This ground of error is overruled.

Appellant next asserts the trial court erred in cumulating the sentence in the instant cause with the sentence of Cause No. 15,003 for the reason that the conviction in Cause No. 15,003 was not a final conviction, but was pending on appeal.

In *Hamm v. State,* 513 S.W.2d 85 (Tex.Cr. App.1974), it was said that "we have held that an order of cumulation is not rendered invalid because sentences to which it was made cumulative were not final because notice of appeal had been given." See also *Jackson v. State,* 449 S.W.2d 242 (Tex.Cr. App.1970); *Holcomb v. State,* 484 S.W.2d 929 (Tex.Cr.App.1972). This ground of error is overruled.

Appellant next asserts as error the failure of the trial court to allow him to open and close arguments at the punishment stage of the trial.

The order of argument of counsel is within the discretion of and may be regulated by the trial court, except that counsel for the State shall have the right to make the concluding address to the jury. Article 36.-07, V.A.C.C.P.; *Cherry v. State,* 488 S.W.2d 744 (Tex.Cr.App.1972); *Martinez v. State,* 501 S.W.2d 130 (Tex.Cr.App.1973). No abuse of discretion is shown. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.