**Ex parte William McCURDY.**

No. 58867.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 20, 1978.

Before ODOM, VOLLERS and W. C. DA-VIS, JJ.

### OPINION

ODOM, Judge.

This is a felony post-conviction habeas corpus application brought pursuant to Article 11.07, V.A.C.C.P.

On February 13, 1978, petitioner was convicted of escape and sentenced to two years. By application for habeas corpus petitioner now contends his conviction is void because the indictment is fundamentally defective. The indictment in relevant part alleges that petitioner did:

"knowingly and intentionally escape from his confinement in Woodlawn Detention Center where he was in custody of F. N. Gilbert, at the said penal institution. . . ."

The crime of escape is defined in V.T.C.A., Penal Code Sec. 38.07, which provides:

"(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

"(b) Except as provided in Subsections (c) and (d) of this section, an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if the actor:

"(1) is under arrest for, charged with, or convicted of a felony; or

"(2) is confined in a penal institution.

"(d) An offense under this section is a felony of the second degree if the actor used or threatened to use a deadly weapon to effect his escape."

 Petitioner argues that the indictment is fundamentally defective because it fails to allege all elements of the offense. Such an indictment would be void, and would be subject to challenge at any time because the trial court would have been without jurisdiction to hear the case. Petitioner contends being "arrested for, charged with, or convicted of an offense" is an element under the statute and was not alleged in the indictment. In *Garcia v. State,* Tex.Cr.App., 537 S.W.2d 930, the Court wrote:

"The constituent elements of the offense [under Sec. 38.07] are that a person (1) escape, (2) from custody, (3) after having been arrested for, charged with or convicted of an offense."

It is, of course, also necessary to allege facts showing the offense is a second or third degree felony under subsection (c) or (d) before the district court with only felony jurisdiction can hear the case. Here, the indictment alleged the punishment element under subsection (c)(2). It failed, however, to allege the third element of the underlying offense as those elements are listed in *Garcia, supra.* The indictment is therefore fatally defective and petitioner is entitled to relief.

The conviction is set aside and the indictment is ordered dismissed.