**Luis LOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59082.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Dick Stengel, El Paso, for appellant.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

Appellant waived a jury trial and entered a plea of guilty before the court to an information that charged he did "intentionally and knowingly or recklessly carry on and about his person a tire iron; . . ." The punishment is confinement for 60 days in jail and a $50 fine, probated for one year.

V.T.C.A. Penal Code, Sec. 46.02(a), provides:

"A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club."

A tire iron is not a handgun as defined by V.T.C.A. Penal Code, Sec. 46.01(5), or an illegal knife as defined by V.T.C.A. Penal Code, Sec. 46.01(6). It is conceivable, however, that a particular tire iron could be a club as defined by V.T.C.A. Penal Code, Sec. 46.01(1). That statute provides:

"In this chapter:

"(1) 'Club' means an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes but is not limited to the following:

"(A) blackjack;

"(B) nightstick;

"(C) mace;

"(D) tomahawk."

A tire iron is not specifically listed as a club as are a blackjack, nightstick, mace, and tomahawk. However, if the offense is properly alleged, evidence may be offered that a particular tire iron is "an instrument that is specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, . . ."

Neither the information nor the complaint upon which it is based allege that the tire iron in the instant case is a "club" or "an instrument that is specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, . ." We conclude that the complaint and information do not allege a violation of Sec. 46.02, supra, which prohibits the unlawful carrying of weapons. Since they do not charge an offense under the law, the complaint and information are fundamentally defective, and the judgment must be reversed and the prosecution ordered dismissed. Compare *Ex parte Ashcraft*, 565 S.W.2d 926 (Tex.Cr.App.1978).

The judgment is reversed and the prosecution under the instant complaint and information is ordered dismissed.