**Ex parte James Edward WALLING.**

**No. 66002.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 8, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for post–conviction writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P. .

On May 22, 1979, petitioner was convicted following a plea of guilty of the offense of escape. Punishment was assessed at imprisonment for 8 years.

Petitioner now contends that his conviction is void because the indictment is fundamentally defective. The indictment, in pertinent part, alleges that petitioner

"unlawfully, willfully, intentionally, and knowingly escape[d] from his confinement in the Young County Law Enforcement Center, a penal institution, where he was in the custody of John Edwards, Sheriff of Young County. . . ."

The crime of escape is defined in V.T.C.A. Penal Code § 38.07(a). The constituent elements of the offense are that a person (1) escape, (2) from custody (3) after having been arrested for, charged with, or convicted of an offense. *Garcia v. State,* 537 S.W.2d 930, 932 (Tex.Cr.App.1976). Except as otherwise provided the offense of escape is a misdemeanor, *id.,* § 38.07(b). Therefore, it is also necessary to allege facts showing whether the escape is a felony of the third degree under Subsection (c) or a felony of the second degree under Subsection (d) of Section 38.07, supra, before the district court with only felony jurisdiction can hear the case. *Ex parte McCurdy,* 571 S.W.2d 31 (Tex.Cr.App.1978).

The indictment in this case alleges that the petitioner escaped from custody in a penal institution, but fails to allege that petitioner had been arrested for, charged with, or convicted of an offense. The indictment is, therefore, fatally defective and petitioner is entitled to relief. *Ex parte Abbey,* 574 S.W.2d 104 (Tex.Cr.App.1978); *Ex parte McCurdy,* supra.

Accordingly, the writ is granted, the conviction in Cause No. 4968 is vacated and set aside and the indictment in that cause is dismissed. Therefore, petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of the conviction. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.