**Richard Lewis TOLEDO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–118–CR.**

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Roger D. Shipman, Denton, for appellant.

Jerry Cobb, Dist. Atty., Denton, for the State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

HOLMAN, Justice.

This appeal is from conviction for aggravated rape. V.T.C.A. Penal Code § 21.03.

The punishment assessed by the jury is imprisonment for twenty-seven years.

We affirm.

Appellant complains (1) of the sufficiency of evidence and (2) that the court abused its discretion by admitting into evidence a weapon which was totally unconnected with appellant or the crime.

The evidence is that on January 12, 1980, appellant forced his way into the prosecutrix' automobile, raped her, forced her to drive him to her apartment where he raped her again and raped her mother.

This appeal is from the trial and conviction for aggravated rape of the daughter.

■ Appellant does not attack the sufficiency of evidence to convict him of the offense of rape, but argues that the evidence was not sufficient to show that the rape was *aggravated.*

The evidence shows that before and during the rapes, appellant brandished a device identified at trial as "Nunchakus".

In a written statement voluntarily made to police after his arrest, and admitted into evidence without objection, appellant referred to the "nunchakus" as his "sticks".

At trial, the prosecutrix described appellant's "nunchakus" as two long sticks tied together with a rope or chain in the manner of a device she had seen demonstrated on television prior to the time of the rape; and that she believed the device to be a lethal weapon.

The prosecutrix testified that she submitted to rape and acts of oral sex in her apartment because she was afraid of being killed.

Her mother testified that she was asleep in the apartment when her daughter arrived with the appellant and awakened her.

When the mother first saw appellant in her bedroom, he was holding the "nunchakus", which she recognized as a weapon she had seen previously and which she feared.

In part, appellant's voluntary written statement was that "we walked to [prosecutrix'] apartment and she unlocked the door. She walked in and went in the back and turned on the light and her mom was there

with a little girl. Her mom jumped up and I told her to calm down. *I pulled out my sticks* and she calmed down". (Emphasis added.)

There is no evidence that appellant expressed a verbal threat to the prosecutrix before or during the rape.

There is evidence that she was intimidated by the presence of the "nunchakus" and regarded it as a lethal device.

Absent a verbal threat by appellant, his conviction for aggravated rape requires proof that a deadly weapon was used in committing the offense. *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1979).

The Court of Criminal Appeals has construed "nunchakus" to be a "club", which is a prohibited weapon designed for the purpose of inflicting serious bodily injury or death upon a person by striking him. *Tatom v. State*, 555 S.W.2d 459 (Tex.Cr.App. 1977).

"Deadly weapon", as defined in V.T.C.A. Penal Code § 1.07(11)(A) and (B) includes "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

Among the State's witnesses were persons who had known appellant to possess a "nunchakus" device before the rape and a martial arts instructor who testified the "nunchakus" is an oriental martial arts weapon which may be used to cause death.

We hold that the evidence was sufficient to support the conviction for aggravated rape.

The first ground of error is overruled.

■ Appellant also complains of the admission into evidence of a "nunchakus" device not shown to have any connection with him or the rapes.

The device was admitted by the court for the limited purpose of demonstrating to the jury the method of its use.

We hold that the trial court did not abuse its discretion by admitting a "nunchakus"

for the limited purpose of demonstration. *Loya v. State*, 571 S.W.2d 943 (Tex.Cr.App. 1978); *Garcia v. State*, 537 S.W.2d 930 (Tex. Cr.App.1976).

Appellant's second ground of error is overruled.

Judgment is affirmed.