**Donny Joel HARVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–700CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1982.

Discretionary Review Refused Oct. 6, 1982.

James Bradford, Jr., Angleton, for appellant.

Jim Mapel, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for escape. Trial was to jury who found the appellant guilty of the offense and further found appellant had been previously convicted of a felony in 1975. The jury assessed appellant's punishment at fifteen years incarceration. Appellant does not challenge the sufficiency of the evidence. The conviction is reversed and the indictment is ordered dismissed.

■ Appellant contends the indictment is fundamentally defective for failure to allege that defendant escaped after being arrested for, charged with, or convicted of an offense. The indictment in relevant part alleges that appellant did:

> ... [I]ntentionally and knowingly escaped from the custody of T.D. Durbin, a public servant acting pursuant to an order of a court, who is at the time Warden of the Ramsey Unit of the Texas Department of Corrections and at the time of said escape the said Donny Joe Harvey aka Donny Joel Harvey was confined in said penal institution, namely the Ramsey Unit of the Texas Department of Corrections ...

The crime of escape is defined in Tex.Penal Code Ann. § 38.07(a) (Vernon 1974). The constituent elements of the offense are that a person (1) escape, (2) from custody (3) after having been arrested for, charged with, or convicted of an offense. See also *Ex Parte Walling*, 605 S.W.2d 621, 622 (Tex. Cr.App.1980) and *Garcia v. State*, 537 S.W.2d 930, 932 (Tex.Cr.App.1976). The statute further provides that the offense of escape is a misdemeanor, *Id.*, § 38.07(b). Therefore, it is also necessary to allege facts showing whether the escape is a felony of the third degree under Subsection (c) or is only of the second degree under Subsection (d) of § 38.07, *supra*, before the District Court with only felony jurisdiction can hear the case. *Ex Parte Walling, supra; Ex Parte McCurdy*, 571 S.W.2d 31, 32 (Tex.Cr.App.1978).

■ The indictment in this case alleges that the appellant escaped from custody in a penal institution, while being held there under an order from a court, but fails to allege that petitioner had been arrested for, charged with, or convicted of an offense. It is well settled that these specific allegations are required. The indictment is, therefore, fatally defective and appellant is entitled to relief. *Ex Parte Abbey*, 574 S.W.2d 104 (Tex.Cr.App.1978); *Ex Parte McCurdy, supra; Ex Parte Walling, supra*.

The State argues that we should look to the enhancement paragraph stating that the appellant committed the felony of burglary of a building and was convicted on October 31, 1979, as fulfilling the constituent elements omitted in the charging paragraph. This enhancement count was waived by the State. The State provides no authorities nor can we find any for the proposition that the enhancement paragraph may provide the allegations required for the primary offense charged that appellant escaped after being arrested for, charged with, or convicted of an offense. On the contrary, enhancement allegations do not constitute a part of the substantive offense but are merely a guide for the court or jury in fixing the final punishment in the event of a conviction of the presently charged offense. *Hathorne v. State,* 459 S.W.2d 826, 830 (Tex.Cr.App.1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971). Therefore, it is clear that "[a]n allegation of prior convictions is no part of the present charge and is no proof of another or different offense." *Hathorne v. State, supra.* Further, allegations as to prior convictions do not constitute "counts" in the indictments. *Hathorne v. State, supra,* and cases cited therein. Therefore, in the instant case in which the indictment contained two enhancement counts, one of which was waived by the State because the case was pending on appeal, we find the indictment to be fatally defective because of its omission of the constitient elements of the offense pursuant to Tex.Penal Code Ann. § 38.07(a).

The conviction is reversed and the indictment is ordered dismissed.