Robert Dean Carroll, pro se.

John B. Holmes, Jr., Dist. Atty. and Patricia Saum, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

**Ex parte Robert Dean CARROLL.**

**No. 69198.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

OPINION

CLINTON, Judge.

This is a postconviction habeas corpus application brought pursuant to and in compliance with Article 11.07, § 2, V.A.C.C.P. Applicant contends the felony information [1] underlying his conviction for escape is fundamentally defective.

Omitting the formal portions, that pleading alleged applicant did,

---

**1.** Applicant waived indictment. See Article 1.141, V.A.C.C.P.

"... intentionally and knowingly *escape from his confinement* in Harris County Detention Center, after having been charged with and confined for the offense of theft...."[2]

V.T.C.A. Penal Code, § 38.07(a) proscribes the offense of escape as follows in relevant part:

"A person ... charged with ... an offense commits an offense if he *escapes from custody.*"

Escape is a felony of the third degree if the actor "is confined in a penal institution." Section 38.07(c)(2).[3]

■ Applicant's complaint is leveled at the failure of the information to allege he escaped "from custody." It is implicit in this contention that the alleged escape "*from his confinement* in Harris County Detention Center," does not include an allegation of escape "from custody." This is untenable.

■ Moreover, the information alleged that applicant did "escape." V.T.C.A. Penal Code, § 38.01(3) provides a technical definition of "escape" which is pertinent here: "unauthorized departure *from custody.*"

It is well settled that

"words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or *which include* the sense of the statutory words."

Article 21.17, V.A.C.C.P.; see also Article 21.23, V.A.C.C.P. Upon reading the escape proscription together with definitions contained in § 38.01, supra, it is clear that the Legislature contemplated the character of the "custody" in question to be one of two general sorts: either restraint by a peace officer or confinement in a penal institution pursuant to a court order.

In alleging applicant's escape "from his confinement in Harris County Detention Center," the information actually averred something more specific than the general phrase "from custody."

It is true that prior decisions have indicated that a pleading charging a felony escape must allege the three elements contained in § 38.07(a),[4] supra, *plus* facts under subsections (c) or (d) which make the offense a felony.[5] But it is apparent that "confinement in a penal institution"[6] constitutes "custody," just as an allegation that one "is under arrest for, charged with, or convicted of *a felony*"[7] would include the allegation for purposes of subsection (a), that the actor is "arrested for, charged with, or convicted of *an offense.*"

The information as drafted is fully adequate to charge the offense in question.

The relief requested is denied.

---

2. All emphasis is added by the writer of this opinion unless otherwise indicated.

3. V.T.C.A. Penal Code, § 1.07(a)(26) defines "penal institution" as "a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense."

4. A person (1) escapes; (2) from custody; (3) after having been arrested for, charged with or convicted of an offense. See *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976).

5. E.g., *Ex parte Walling,* 605 S.W.2d 621 (Tex. Cr.App.1980); *Ex parte McCurdy,* 571 S.W.2d 31 (Tex.Cr.App.1978).

