**Reginald Wayne McWILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 129–87.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

Michael B. Charlton, Charles F. Baird (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and John F. Carroll and Caprice Cosper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

The record reflects that after waiving his right to trial by jury, Reginald Wayne Mc Williams, henceforth appellant, on his plea of not guilty, was found guilty by the trial judge of committing the offense of third-degree felony escape. See V.T.C.A., Penal Code § 38.07(c). The trial judge assessed appellant's punishment, enhanced with one prior felony conviction, at six (6) years' confinement in the Department of Corrections. See V.T.C.A. Penal Code § 12.42(a), which provides that if it be shown on the trial of a third-degree felony offense that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony. Also see V.T.C.A., Penal Code, § 12.33, which provides that punishment for a second-degree felony is confinement in the Department of Corrections for not less than 2 years nor more than 20 years and a fine not to exceed $10,000.

The First Court of Appeals affirmed the trial court's judgment of conviction and appellant's punishment, enhanced, of six years' confinement in the Department of Corrections. See *Mc Williams v. State*, 719 S.W.2d 380 (Tex.App.—Houston [1st Dist.] 1986).

Because we did not grant review to consider whether the evidence was sufficient, it is unnecessary for us to set out the facts of the case.

We granted appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly rejected appellant's contention that the prior felony conviction that was used to enhance appellant's punishment could not be used both as an essential element of the primary offense of third-degree felony escape and to enhance his punishment for that offense.

For reasons that we will give, we will reverse the judgment of the court of appeals and remand this cause to the trial court for a new punishment hearing.

The indictment in this cause, which the State conceded on direct appeal was "hardly a model pleading", alleges in two paragraphs two possible ways that appellant committed the offense of third-degree felony escape.

One paragraph of the indictment, which we will refer to as "the first paragraph of the indictment", alleges that appellant, "having been arrested and confined from [sic] the offense of Burglary [sic], intentionally and knowingly escape[d] from his confinement in The Texas House." Another paragraph of the indictment, which we will refer to as "the second paragraph of the indictment", alleges that appellant "did then and there unlawfully having been convicted of Burglary of a Habitation with intent to commit theft [sic], intentionally and knowingly escape[d] from his confinement in the [sic] Texas House, a place designated by law to [sic] confinement of persons arrested for, charged with and convicted of offenses." Appellant pled "not guilty" to these allegations of the indictment.

In finding appellant guilty of the offense of third-degree felony escape, the trial judge did not specify under which paragraph of the indictment he found appellant guilty.[1]

Another paragraph of the indictment, which we will refer to as "the third paragraph of the indictment", alleges a prior

---

1. As seen, the first paragraph of the indictment did not allege therein that "The Texas House" was a "penal institution", nor did it allege, as the second paragraph did, the definition for the

burglary conviction for enhancement of punishment purposes. Appellant pled "true" to this allegation of the indictment. This prior burglary conviction is one and the same as the burglary conviction for which appellant was serving a penitentiary sentence when he was confined in "The Texas House" when he allegedly escaped therefrom.

The evidence established that being confined in "The Texas House" was the equivalent of a defendant serving a felony sentence in The Department of Corrections. Thus, when appellant allegedly escaped from "The Texas House", where he was confined, he was then serving the penitentiary sentence that he had been ordered to serve for committing the felony offense of burglary of a habitation with intent to commit theft.

In rejecting appellant's contention, the court of appeals found that the allegation in the second paragraph of the indictment, namely, "having been convicted of Burglary of a Habitation with intent to commit theft [sic]", which we find is one and the same burglary conviction that was alleged to enhance appellant's punishment to that provided for a second-degree felony, was unnecessary to allege the offense of third-degree felony escape, thus enabling it to hold that because appellant's alleged prior burglary conviction was not an essential element of the primary offense of third-degree felony escape the State was not barred from using it to enhance appellant's

punishment as a second offender. We are unable to agree with the court of appeals.

█ It is obvious that the court of appeals applied to appellant's contention the rule of law that if allegations in an indictment are not descriptive of that which is legally essential to the validity of the indictment, information or complaint, such unnecessary words or allegations may be rejected as surplusage. For a thorough discussion of this subject, see *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975).

Even if we agreed with the court of appeals' holding, which we don't, we would be compelled to find that the court of appeals erred because it failed to apply to appellant's contention the well recognized exception to the rule of law that it invoked and applied, namely: where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proved as alleged, even though needlessly stated:

"It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven ... and cannot be rejected as surplusage, for they are thus made essential to the identity.... Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence ..." *Burrell*, supra, at pp. 802–803.

legal term "penal institution." We find that without some additional allegation that might reflect or indicate that "The Texas House" falls within the legal definition of "penal institution", the mere pleading of "The Texas House" does not inform "a person of ordinary understanding just what the term "The Texas House" means. See Art. 21.11, V.A.C.C.P. We also find that there was a variance between what was alleged in the first paragraph of the indictment, namely, that appellant "had been arrested and confined from [sic] the offense of Burglary [sic]", and the proof, that when he escaped from "The Texas House" appellant was confined in "The Texas House" solely because he was then serving the penitentiary sentence that he had previously been ordered to serve. Thus, when appellant escaped from "The Texas House", he was not then confined in "The Texas House" while un-

der arrest for or charged with committing the felony offense of burglary; he was confined in "The Texas House" to serve the penitentiary sentence that he had previously been ordered to serve. Thus, we must assume, as the court of appeals obviously did, that the trial judge found appellant guilty under the second paragraph of the indictment. See *ante*. Also see *Bailey v. State*, 532 S.W.2d 316, 323 (Tex.Cr.App.1975), and compare *Bailey*, supra, with *Mc Clain v. State*, 220 S.W.2d 896, 897 (Tex.Cr.App.1949), and *Martin v. State*, 156 S.W.2d 144 (Tex.Cr.App.1941), all of which discuss the rule that where a general verdict of guilty is returned, and the evidence is sufficient to support a finding under any of the counts of the indictment submitted, no error is shown.

Also see *Upchurch v. State*, 703 S.W.2d 638 (Tex.Cr.App.1985); *Windham v. State*, 638 S.W.2d 486 (Tex.Cr.App.1982); *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App. 1978); and *Lopez v. State*, 494 S.W.2d 560 (Tex.Cr.App.1973).

■ Under V.T.C.A., Penal Code § 38.07(a)(1) and (2), two ways that a defendant may be convicted of the offense of third degree felony escape, where he is under conviction for a criminal offense and he escapes, are: (1) if it is alleged and proved that *he escaped from custody when he was then under conviction for a felony offense*, and (2) if it is alleged and proved that *he escaped from confinement in a penal institution when he was then under a conviction for any criminal offense.*

In this instance, the State chose to allege specifically in the second paragraph of the indictment that the reason appellant was confined in "The Texas House", which by allegations in the paragraph was a "penal institution", was because of the burglary of a habitation with intent to commit theft conviction that he had previously sustained.

This Court has on several occasions held that an essential element of *any* escape offense is that the defendant must be arrested for, charged with, *or* convicted of an offense. See *Ex parte Walling*, 605 S.W.2d 621 (Tex.Cr.App.1980); *Ex parte Abbey*, 574 S.W.2d 104 (Tex.Cr.App.1978); and *Ex parte Mc Curdy*, 571 S.W.2d 31 (Tex.Cr.App.1978).

Therefore, if the part of the above second paragraph of the indictment that refers to the prior burglary conviction were deleted, then under this Court's past decisions we would be compelled to hold that an essential element of the offense of escape would be missing because there would then be no allegation that appellant escaped from a "penal institution" when he was under conviction for committing a criminal offense, namely, burglary of a habitation with intent to commit theft.

V.T.C.A., Penal Code § 38.07(a)(1), (c)(1) and (2) provides that a person commits the offense of third-degree felony escape if he escapes from custody and (1) he is under arrest for, charged with, *or* convicted of any felony, or (2) when he escaped he was then confined in a penal institution because he was under arrest for, charged with, *or* convicted of any offense. Of course, the terms "under arrest for", "charged with", and "convicted of any offense" are mutually exclusive; otherwise, it stands to reason that the Legislature would have simply used the legal term "arrest", as defined in Art. 15.22, V.A.C.C.P., rather than to use multiple terms. Therefore, for purposes of the escape statute, "charged with" commences where "under arrest for committing some offense" ends, and "charged with" ends where "conviction of any offense" commences.

The thrust of V.T.C.A., Penal Code § 38.07, as applied here, is either that a defendant unlawfully leaves custody (1) while in custody and under arrest for, charged with, *or* convicted of any *felony* offense, or while confined in a penal institution unlawfully leaves confinement when he was then under arrest for, charged with, *or* convicted of committing *any* criminal offense. A "penal institution" is defined as "a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense." V.T.C.A. Penal Code § 1.07(a)(26). Thus, allegation and proof of any one of the above will be sufficient to sustain a conviction for the offense of third-degree felony escape. See, for example, *Garcia v. State*, 537 S.W.2d 930, 932 (Tex.Cr.App.1976); *Scott v. State*, 672 S.W.2d 465 (Tex.Cr.App.1984); *Ex parte Walling*, 605 S.W.2d 621 (Tex.Cr. App.1980); *Legg v. State*, 594 S.W.2d 429 (Tex.Cr.App.1980); *Ex parte Abbey*, 574 S.W.2d 104 (Tex.Cr.App.1978); Reamey, *Criminal Offenses and Defenses in Texas*, at page 138.

*In this instance,* the proof established that the sole reason why appellant was confined in "The Texas House" was because he was serving the penitentiary sentence that he had previously been assessed

for committing the felony offense of burglary of a habitation with intent to commit theft. The burglary conviction was alleged in the second paragraph of the indictment as an essential element of the primary offense.

The evidence established that "The Texas House" was synonymous with "the Texas Department of Corrections", as far as confinement goes. Thus, while appellant was confined or in the custody of "The Texas House" he was serving the penitentiary sentence that he had previously been assessed for committing the felony offense of burglary of a habitation with intent to commit theft, and was not confined or in the custody of the "The Texas House" because he was under arrest for or charged with having committed some criminal offense. Clearly, in this instance, the allegation in the second paragraph of the indictment, namely, "having been convicted of Burglary of a Habitation with intent to commit theft [sic]", was an essential element of the offense of third-degree felony escape.

The question then becomes, whether the State, having alleged appellant's prior burglary conviction as an essential element of the offense of third-degree felony escape, was barred from using the prior conviction to enhance appellant's punishment to that provided for a second-degree felony. See *ante.* We answer the question in the affirmative.

In *Wisdom v. State,* 708 S.W.2d 840, 845 (Tex.Cr.App.1986), this Court held: "The use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes. *Fletcher v. State,* 169 Tex.Cr.R. 506, 335 S.W.2d 613 (App.1960). The rule set down by this Court in *Ramirez v. State,* 527 S.W.2d 542 (Tex.Cr.App.1975), ... is still valid."

In *Ramirez,* supra, the defendant was charged with and convicted of committing the offense of unlawful possession of a firearm by a felon. See V.T.C.A. Penal Code § 46.05. On his plea of not guilty to the court, he was found guilty. The trial judge assessed his punishment, enhanced by a prior felony conviction for murder without malice, at five (5) years' confinement in the Department of Corrections. An essential element of the primary offense was that the defendant had previously been finally convicted of a felony offense involving an act of violence or threatened violence to a person or property. In order to establish that the defendant had committed the primary offense of unlawful possession of a firearm by a felon, the State alleged and proved that he had previously been finally convicted of the felony offense of murder without malice, which was the same prior felony conviction that the State alleged and used for enhancement of punishment purposes. The range of punishment for the primary offense, enhanced with one prior felony conviction, was that provided for a second degree felony. See *ante.* The trial judge assessed the defendant's punishment, enhanced, at five (5) years' confinement in the Department of Corrections.

After citing many, many cases of this Court as authority, this Court in *Ramirez,* supra, held that "a prior conviction is not available to enhance punishment for an offense of which it is an essential element." (544).[2] This Court remanded the cause for reassessment of punishment. In doing so, this Court stated that "We recognize that the punishment assessed by the court is within the range provided for a third-degree felony as well as a second-degree felony. See and compare V.T.C.A. Penal Code Secs. 12.33 and 12.34. However, since the record reflects that the court found appellant guilty of a second-degree felony under the enhancement statute, Sec. 12.42(a), supra, and assessed punishment as provided in Sec. 12.33, we cannot assume that this same punishment would have been set if

**2.** The court of appeals correctly pointed out in its opinion that the source of this rule of law is actually this Court's opinion of *Garcia v. State,*

169 Tex.Crim.R. 487, 335 S.W.2d 381, 383 (1960) (Opinion on rehearing), and not *Ramirez,* supra, as many believe.

the court had found the offense to be a third-degree felony and assessed punishment under the provisions of Sec. 12.-34...." (544).

Finding that appellant's prior felony burglary conviction, as alleged in the second paragraph of the indictment, is an essential element of the offense of third degree felony escape, and further finding that the "Garcia–Ramirez" rule of law is applicable to this cause, we hold that the State was barred from both using appellant's prior burglary conviction as an essential element of the primary offense and to enhance his punishment.

Because the error that we have found to exist relates solely to punishment, which was assessed by the trial judge, we will reverse the judgment of the court of appeals and remand this cause to the trial court to reassess appellant's punishment pursuant to V.T.C.A. Penal Code § 12.34, which provides for the range of punishment that may be assessed for an individual found guilty of a third degree felony. See *ante*.

McCORMICK, P.J., and DAVIS, CLINTON, WHITE, DUNCAN and BERCHELMANN, JJ., concur in the result.