# NO. 12-08-00174-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMMY ROBINSON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Appellant, Tommy Robinson, of the offense of aggravated sexual assault of a child and assessed his punishment at imprisonment for life and a $10,000 fine. Appellant presents five issues on appeal, three of which relate to the modification of the indictment, the fourth to the trial judge's ruling on Appellant's motion for mistrial, and the fifth to the admission of evidence of extraneous offenses. We affirm.

### BACKGROUND

Appellant is the biological father of two sisters of the ten year old victim. The victim often visited in Appellant's home. Appellant does not challenge the sufficiency of the evidence. Therefore, no recitation of the facts of the offense is necessary.

In the indictment returned by the grand jury, Appellant was charged with the aggravated sexual assault of a child, the first paragraph alleging Appellant committed the offense by causing the contact and penetration of the victim's mouth with his sexual organ. The second paragraph alleged that Appellant caused the contact and penetration of the victim's sexual organ with his sexual organ, hand, and finger. On March 13, 2008, the State moved to "amend" the indictment by entirely deleting the

allegations in the first paragraph and by deleting "contact" from the allegations in the second paragraph. A docket entry shows the trial court granted the State's motion to amend the indictment and Appellant's motion for a trial continuance of ten days. The record contains no order granting the State's motion. Before voir dire examination on March 24, 2008, the State reurged its motion, and the visiting judge assigned to try the case granted the State's motion over Appellant's objection. The indictment was not altered to reflect the deletion of the allegations the State sought to abandon, nor was a modified version of the indictment reflecting those changes incorporated in the record. In its charge, the trial court submitted only those allegations remaining in the indictment after the granting of the State's motion.

### MODIFICATION OF THE INDICTMENT

Appellant's first three issues relate to what he asserts was the trial court's failure to accomplish the amendment of the indictment.

**Applicable Law**

An amendment to the charging instrument is subject to the limitations and requirements set out in Texas Code of Criminal Procedure article 28.10.

Article 28.10 provides as follows:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006).

"Neither the [state's] motion [to amend] nor the trial judge's granting thereof is an amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Article 28.10." ***Riney v. State***, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000)

(quoting **Ward v. State**, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992)). An acceptable means of accomplishing an amendment is by the actual physical alteration of the face of the charging instrument. **Id.** But it is also acceptable for the state to proffer its amended version of a photocopy of the original indictment. **Id.** If approved by the trial court, the amended photocopy must be incorporated into the record under the direction of the trial court. Tex. Code Crim. Proc. Ann. art. 28.11 (Vernon 2006); **Riney**, 28 S.W.3d at 565-66.

There are situations, however, where modification of the indictment constitutes an abandonment and not an amendment subject to the requirements of article 28.10, even though the modification is accomplished by a physical alteration to the face of the charging instrument. **Eastep v. State**, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997), *overruled on other grounds*, **Riney v. State**, 28 S.W.3d 561 (Tex. Crim. App. 2000). **Eastep** identified three situations where modification of the charging instrument is an abandonment, rather than an amendment: (1) abandonment of one or more of the alternative means by which an offense may be committed; (2) abandonment of an allegation if the effect is to reduce the prosecution to a lesser included offense; and (3) abandonment of surplusage. **Eastep**, 941 S.W.2d at 135. Abandonments are not governed by the strictures imposed by articles 28.10 and 28.11. **Id.** An abandonment of one of the theories charged for the commission of an offense is an abandonment even though denominated an amendment by the state in its motion. *See* **Garcia v. State**, 537 S.W.2d 930, 933 (Tex. Crim. App. 1976). "If the charging instrument contains multiple counts or paragraphs charging alternative ways of committing the offense, abandonment of as many as all but one of those counts or paragraphs is permissible and does not constitute an amendment." 44 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.65 (2d ed. 2001).

**Discussion**

Appellant complains in his first issue that the trial court erred by permitting the State to amend the indictment on the date of trial over his objection. In his second issue, he contends the trial court erred "by not allowing the indictment to be changed or altered or having an effective indictment in place prior to trial." In his third issue, he maintains "the trial court committed error by not having the jury charge conform to the indictment in the case."

Appellant's first three issues assume the alterations to the indictment constituted an

amendment.  However, we conclude the changes sought by the State and approved by the trial court were simply an abandonment of allegations of the manner and means of committing the offense and were not an amendment governed by article 28.10.  The substance of the remaining allegations was not affected.  The state may abandon an allegation as to manner or means of committing an offense and proceed on any remaining offense.  *Eastep*, 941 S.W.2d at 133.  Therefore, the restriction in article 28.10 limiting the amendment of an indictment or information to "any time before the date the trial on the merits commences" is inapplicable.  Appellant's first issue contending the trial court erred in granting, over his objection, an amendment on the date trial commenced is overruled.

Because we hold that the changes in the indictment represented an abandonment and not an amendment, Appellant's second issue complaining of the trial court's failure to physically alter the indictment to reflect the amendment or to incorporate in the record an altered photocopy showing the changes is likewise without merit.  Abandonment does not require such an alteration of the indictment.  Appellant's second issue is overruled.

Appellant's third issue complains that the jury charge did not conform to the indictment.  However, the trial court's charge did not submit any of the abandoned allegations but only the remaining allegation that Appellant committed the offense by causing the penetration of the victim's female sexual organ with his sexual organ, hand, and finger.  Appellant's third issue is overruled.

## DENIAL OF MISTRIAL

In his fourth issue, Appellant contends "[t]he trial court committed error by granting a mistrial based on misconduct by a State's witness, then reconsidering and denying the mistrial."

**Standard of Review and Applicable Law**

A court's denial of a mistrial is reviewed for abuse of discretion.  *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  Only in extreme circumstances where the prejudice is incurable will a mistrial be required.  *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  The trial court's ruling must be upheld if it is within the zone of reasonable disagreement.  *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  "[A] trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error."  *Ladd v. State*,

4

3 S.W.3d 547, 567 (Tex. Crim. App. 1999). This determination must be made by examining the particular facts of the case. *Id.*

**Discussion**

In the cross examination of Tony Dana, an investigator for the Smith County Sheriff's Department, the following exchange occurred:

| | |
|---|---|
| MR. THOMPSON: | The sexual assault referred to in this case - - |
| MR. DANA: | Yes. |
| MR. THOMPSON: | - - not the dozens of others that you have investigated, in this case - - |
| MR. DANA: | Yes, sir. |
| MR. THOMPSON: | - - is alleged to have occurred on July the 21st; is that correct? |
| MR. DANA: | I don't recall exactly when, because in this case, it is believed that this is not - - this - - this is not an isolated incident. |
| MR. THOMPSON: | Objection, Your Honor. |
| THE COURT: | Out. Jury - - take the jury down to the jury room. |
| | (Jury leaves the courtroom.) |
| | (Open court, defendant present, no jury.) |
| THE COURT: | Counsel? |
| MR. THOMPSON: | We would certainly object to the statement made in the presence of the jury that this is not an isolated incident. The officer even made the statement - - continued making the statement as I was standing to object and wouldn't stop. |
| THE COURT: | The objection is sustained. |
| MR. THOMPSON: | We move for an immediate mistrial. |
| THE COURT: | Granted. |

After hearing arguments of counsel, the trial court reconsidered and withdrew its grant of a mistrial. However, the court withheld a final ruling pending a clarification by the witness that the other instances implied by his response were the other instances of sexual misconduct by Appellant against only this child victim.

On redirect examination, the prosecutor questioned Officer Dana, as follows:

MR. VANCE: Detective Dana, just to clarify something, you said in front of the jury, I believe you said that something about this wasn't an isolated incident; is that correct?

MR. DANA: Yes, sir.

MR. VANCE: Just to clarify with the jury, when you said that, you were referring to the fact that based upon your investigation, there was an allegation of penetration with the penis, an allegation of oral sex between the defendant and the victim, and an allegation of the defendant touching the private area on the outside of her clothes? Are those the incidents you're referring to?

MR. DANA: Yes, sir.

MR. VANCE: And that is what you meant in response to Mr. Thompson's question?

MR. DANA: Yes, sir.

MR. VANCE: No further questions, Your Honor.

MR. THOMPSON: Thank you, Your Honor.

We conclude the trial court acted properly in withdrawing its grant of a mistrial, and that it did not err in thereafter refusing to grant Appellant's motion. Officer Dana satisfactorily explained that the other instances implied by his testimony that "this was not an isolated incident" were instances of criminal sexual misconduct against the child victim in this case. These acts had already been disclosed to the jury through the testimony of the victim and her mother, and were specifically admissible by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon Supp. 2008) (providing that evidence of other crimes, wrongs, or acts committed by defendant against child victim of alleged offense is admissible "for its bearing on relevant matters"). Appellant's fourth issue is overruled.

### EXTRANEOUS CONDUCT

In his fifth issue, Appellant complains that the trial court erred in admitting evidence of his extraneous conduct.

6

**Applicable Law**

"An extraneous offense is any act of misconduct shown to have been committed by the accused, whether resulting in prosecution or not, which is not shown in the charging instrument and which was to have been committed by the accused." ***Brown v. State***, 6 S.W. 3d 571, 575 (Tex. App.–Tyler 1999, pet. ref'd) (emphasis omitted). Evidence of a defendant's other bad acts is not admissible to prove the defendant's character in order to show that he acted in conformity therewith. TEX. R. EVID. 404(b). The evidence may, however, be admitted as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. ***Id.***

A special statute applies to the prosecution of a defendant for sexual and assaultive offenses committed against a child under seventeen years of age. In such a case, the Texas Code of Criminal Procedure provides as follows:

> Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2. The trial court may exclude relevant evidence if the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

A trial court's evidentiary rulings are reviewed for abuse of discretion. ***Powell v. State***, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).

**Discussion**

Appellant first complains that the State solicited testimony from the victim that she had suffered physical abuse by Appellant and that he had physically abused other members of her family.

The evidence of Appellant's other acts of physical and sexual abuse committed against the child victim were admitted without objection. In any event, the evidence was admissible despite objection under the provisions of article 38.37 as bearing on the state of mind of Appellant and the

child and as demonstrating the relationship between them.

In the prosecutor's redirect examination of the victim, the following exchange occurred:

Q. Let me ask you [victim] have you ever seen Nay-Nay or Ci-Ci after they've been alone with Tommy?

A. (Nods head.)

Q. Is that a yes?

A. Yes.

Q. Were they mad or sad?

A. Sad.

Q. How do you know they were sad.

A. Because they were crying.

Appellant objected that the prosecutor's questions were an attempt to show Appellant had sexually abused the other girls. At the bench conference that followed, the trial court overruled Appellant's objection but instructed the State not to go any further into the matter.

The victim's testimony that she had seen her half sisters crying after they had been alone with their father falls short of evidencing an extraneous offense. The trial court did not abuse its discretion in overruling Appellant's objection.

Finally, Appellant complains that the State solicited testimony that he had physically assaulted and threatened to kill the victim's mother. Testimony regarding Appellant's assaults on the victim's mother and his threats to kill her mother or have his girlfriend kill her was offered to explain the victim's delay in reporting some incidents of Appellant's abusive conduct to her mother. The testimony was admitted without objection, and therefore nothing is preserved for our review. *See* TEX. R. APP. P. 33.1(a).

Appellant's fifth issue is overruled.

## DISPOSITION

The trial court's judgment is ***affirmed***.

   BILL BASS   
Justice

Opinion delivered July 24, 2009.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)