**Ace WHITLOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59401.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

Robert A. Canonico, Waco, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

Appellant was convicted for the offense of attempted escape with a deadly weapon. Upon finding the allegations in the indict-

4. Tex.Code Crim.Pro. arts. 38.29 & 37.07, sec. 3(a).

ment of two prior convictions to be true, the court assessed punishment at life.

Even though no motion to quash the indictment was filed, he contends that it is fundamentally defective for failing to include each of the elements of the offense of escape.

V.T.C.A., Penal Code, Section 38.07(c), provides that it is an offense to escape if one is under arrest for, charged with or convicted of a felony.

The indictment alleges that appellant

"... unlawfully with the specific attempt to commit the *offense of escape*, did then and there attempt to escape from the custody of the Falls County Sheriff by the use of a deadly weapon to-wit: a metal club, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, ..." (Emphasis supplied)

The elements necessary to establish an offense under V.T.C.A., Penal Code, Section 15.01—the attempt statute—comprise: 1) a person, 2) with specific intent to commit an offense, 3) does an act amounting to more than mere preparation that 4) tends, but fails, to effect the commission of the offense intended.

In *Williams v. State*, 544 S.W.2d 428 (Tex.Cr.App.1976), a conviction for attempted burglary, the indictment in part alleged:

"... Nathan Williams hereinafter referred to as the Defendant, heretofore on or about March 2, 1975, did then and there unlawfully commit an offense hereinafter styled the primary offense in that he did attempt to enter a building owned by Ray Bailey, by prying a door latch with a steel meathook, having intent to commit burglary."

There the defendant contended that the indictment was fundamentally defective because it did not allege that the attempted

entry was made "without the effective consent of the owner," an essential element of the consummated offense of burglary under V.T.C.A., Penal Code, Section 30.02(a). This Court unanimously rejected this contention. The Court quoted at length from *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr. App.1975).

In *Vaughn v. State*, 530 S.W.2d 558 (Tex. Cr.App.1976), the conviction was for burglary. The indictment alleged that appellant did "intentionally and knowingly with intent to commit injury to a child enter a habitation which was not then open to the public, without the effective consent of" the owner. It was contended that the indictment was fundamentally defective because it did not allege the specific intent to commit a certain injury. This Court held that the indictment alleged entry with intent to commit a particular felony.

■ In the present case the indictment alleged appellant attempted to commit the *offense* of escape and the additional allegation that it was done with a deadly weapon, a metal club, is sufficient to show a felony.

The allegations in the present case are more particular than they were in the *Vaughn* case. We hold that the indictment is not fundamentally defective.[1]

■ Appellant also argues that the use of the word "attempt" rather than "intent", i. e. "with the specific attempt to commit the offense of escape", vitiates the allegation of specific intent. Noting that the further allegation that appellant did "attempt to escape" includes the allegation that it was appellant's specific intent so to do, the following quote from the holding in *Ex parte Pousson*, 599 S.W.2d 820 (Tex.Cr.App.1980), is dispositive of this contention:

"... In *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973), we held that the use of the word 'attempt' instead of 'intent' did not vitiate the indictment.

---

1. If this were a conviction for a consummated escape, the contention would have merit. *In Ex parte McCurdy*, 571 S.W.2d 31 (Tex.Cr.App. 1978), the Court held that a consummated escape indictment was fatally defective for failure to allege that the defendant was "arrested for,

charged with, or convicted of an offense." Similarly, *Ex parte Abbey*, 574 S.W.2d 104 (Tex.Cr.App.1978), held a felony information fundamentally defective for the same reason. The charge here was not consummated escape but attempted escape.

There, the indictment charged that the defendant 'did ... attempt to fraudulently take from the person and possession of the said complainant the personal property of the said complainant with the intent then and there to appropriate said property....

"In *Telfair v. State*, 565 S.W.2d 522 (Tex.Cr.App.1978), the indictment stated that the defendant

" '... did then and there intentionally and knowingly attempt to cause the death of [the complainants] by shooting them with a gun.'

"We held that the word 'attempt' included the word 'intent' because the former has a more comprehensive meaning. Attempt 'implies an intent and an actual effort to carry out or consummate the intent or purpose.' *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978), and cases cited therein...."

See also *Williams v. State*, supra.

No reversible error has been shown; the judgment is affirmed.