

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1100-17

## CYNTHIA KAYE WOOD, Appellant

## v.

## THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

**RICHARDSON, J., delivered the opinion for a unanimous Court.**

## <u>OPINION</u>

Appellant, Cynthia Kaye Wood, was indicted for the offense of attempted capital murder. She entered into an open plea of guilty. Following the completion of a pre-sentence investigation report, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court sentenced Appellant to life imprisonment. Appellant appealed her conviction and sentence, alleging five points of error. Finding Appellant's life sentence to be an illegal sentence, the court of appeals reversed Appellant's conviction for attempted

capital murder and ordered the trial court to adjudge Appellant guilty of attempted murder.[1] The case was remanded to the trial court to hold a new sentencing hearing. The State petitioned this Court to review the decision of the court of appeals. We hold that Appellant's sentence is not an illegal sentence. We reverse the judgment of the court of appeals and remand the case to the court of appeals to address Appellant's remaining points of error.

## FACTUAL BACKGROUND

Appellant gave birth prematurely to a baby boy named K.W. on May 10, 2014. The baby spent the first three months of his life in the hospital. Two days after being released to go home, K.W. was brought back to the hospital because he had stopped breathing, and he remained at the hospital for another five days. On September 19, 2014, after vomiting, K.W. was brought back to the hospital and he underwent surgery. K.W. was readmitted to the hospital—the intensive care unit—on September 30, 2014, because Appellant claimed that he was not breathing and did not have a pulse. Medical personnel conducted several tests to determine what was wrong with K.W., but they could not find anything wrong with him, and the baby's repeated hospitalizations appeared to be out of proportion to his healthy appearance. Appellant requested that a gastrostomy tube (a "G-tube") be inserted so that K.W. would get food directly to his stomach, but no medical reason could be found to support the insertion of a G-tube. During the two days in the intermediate care unit of the

---

[1] *Wood v. State*, No. 01-16-00179-CR, 2017 WL 4127835, at *6 (Tex. App.—Houston [1st Dist.] 2017)(mem. op. on reh'g).

hospital—October 8 and 9, 2014—K.W. did very well. Appellant was not there at that time, but K.W.'s grandmother was with him.

When Appellant visited K.W. on October 10, 2014, he had another lack-of-breathing episode. K.W. was put in a new room, and the medical staff placed a hidden camera in the room to observe. On October 11, 2014, Appellant was seen placing an oxygen bag (that was not hooked up to oxygen) over K.W.'s face. The next day, the video recording captured Appellant attempting to suffocate K.W. on two separate occasions. She first pulled a blanket up over K.W.'s face, then she put her hand over his face, setting off his oxygen monitors both times. He was thereafter transferred to the intensive care unit. When K.W. recovered, he was separated from his mother and sent to a foster home.

## THE INDICTMENT

The State charged Appellant with the felony offense of "Attempted Capital Murder." The indictment against her read as follows, in pertinent part:

> [I]n Harris County, Texas, CYNTHIA KAYE WOOD hereafter styled the Defendant, heretofore on or about OCTOBER 12, 2014, did then and there unlawfully intentionally, with the specific intent to commit the offense of CAPITAL MURDER of K.W., hereafter styled the Complainant, do an act, to-wit: USE HER HAND TO IMPEDE THE COMPLAINANT'S ABILITY TO BREATHE, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.[2]

---

[2] The indictment was amended to include an allegation of a deadly weapon, to which Appellant pled "true." There is no issue before us involving the deadly weapon allegation.

## THE PERTINENT STATUTES

*Murder § 19.02*

The offense of "Murder" under Texas Penal Code § 19.02(b)(1) occurs if a person "intentionally or knowingly causes the death of an individual."[3]

*Capital Murder § 19.03*

The offense of Capital Murder under Texas Penal Code § 19.03(a)(8) occurs if a person "commits murder as defined under Section 19.02(b)(1) and . . . the person murders an individual under 10 years of age."[4]

*Criminal Attempt § 15.01*

An "attempted" offense is one category lower than the offense attempted.[5]  Texas Penal Code § 15.01 defined "Criminal Attempt" as follows:

(a)     A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

(b)     If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt.[6]

---

[3]  TEX. PENAL CODE § 19.02(b)(1).

[4]  *Id*. at § 19.03(a)(8).

[5]  *Id.* at § 15.01(d).

[6]  *Id*. at § 15.01(a) and (b).

## ANALYSIS

The key to our analysis in this opinion is the well-established rule that an indictment charging criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted.[7] Although Appellant does not allege that the indictment was defective, the basis for her illegal-sentence claim is that, since the indictment omitted one of the elements of capital murder, the indictment alleged only attempted murder, not attempted capital murder, and so she only pled to, and should only be convicted of, attempted murder, not attempted capital murder.[8] The court of appeals agreed with Appellant, finding

---

[7] *Whitlow v. State*, 609 S.W.2d 808, 809 (Tex. Crim. App. 1980); *Jones v. State*, 576 S.W.2d 393, 395 (Tex. Crim. App. 1979); *Williams v. State*, 544 S.W.2d 428, 430 (Tex. Crim. App. 1976); *Young v. State*, 675 S.W.2d 770, 771 (Tex. Crim. App. 1984).

[8] Under Texas Code of Criminal Procedure Article 1.14(b),

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.

TEX. CODE CRIM. PROC. art. 1.14(b). Although the court of appeals failed to address preservation of error, it "is a systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005); *Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement on appeal. . . . Ordinarily, a court of appeals should review preservation of error on its own motion[.]").

In this case, however, Appellant did not file a motion to quash nor directly attack the indictment. The third issue raised by Appellant on direct appeal, which was the one sustained by the court of appeals and the reason for the reversal, was worded in Appellant's brief filed with the court of appeals as follows:

> A sentence that is outside the maximum or minimum range of punishment is

her life sentence illegal because "[t]he indictment in this case did not authorize a conviction for attempted capital murder."[9] The specific reasoning behind the appellate court's decision can be found in the following excerpt from the lower court's opinion on the motion for rehearing:

> Here, the indictment charged a complete offense—attempted murder. Although the State intended to charge appellant with the offense of attempted

unauthorized by law and constitutes an illegal sentence. Here, Cynthia was sentenced to life in prison which is a legal sentence for a first degree felony conviction. But the evidence was sufficient only to support a second degree felony conviction which carries a punishment of two to twenty years in prison. Was Cynthia's sentence illegal?

Appellant's Brief on Direct Appeal at 6, 65, *Wood*, 2017 WL 4127835. But, we note that Appellant's brief on direct appeal pointed to the language in the indictment as the basis for her challenge on appeal. She argued that, "[f]or the reasons set out in Issue Number One and Issue Number Two," the evidence substantiated only the offense of attempted murder—a second degree felony. Appellant's Brief on Direct Appeal at 65, *Wood*, 2017 WL 4127835. Earlier in that brief, Appellant set out the "reasons" that supported her arguments in Issues One and Two. She asserted that the indictment "describes a murder, but does not say anything about an aggravating factor." Appellant's Brief on Direct Appeal at 33. Thus, she said, the indictment failed to properly charge her with attempted capital murder since no aggravating circumstance was found therein. *Id*. According to Appellant, since the aggravating circumstance was missing from the indictment, and the indictment language was used for her judicial confession forming the basis for her plea, she did not judicially confess to committing all the elements of attempted capital murder. *Id*. at 33-34. And, said Appellant, since her judicial confession did not establish every element of the offense of attempted capital murder, her judicial confession does not constitute sufficient evidence to support her plea of guilty to the charge of attempted capital murder. This argument persuaded the court of appeals to sustain Appellant's third point of error, which was that her sentence was illegal.

Nevertheless, Appellant has never characterized this issue as an alleged "defect" in the indictment. Moreover, Appellant does not claim that the indictment fails to properly charge her with any offense at all. Therefore, since Appellant's argument is, instead, that her indictment charges her for an offense that is different from—and carries a lesser punishment than—the offense that she was convicted of and sentenced for, preservation of a "defective-indictment"-claim is not an issue in this case.

[9] *Wood*, 2017 WL 4127835, at *5.

capital murder, it did not do so because the aggravating factor was missing from the indictment. *See Crawford v. State*, 632 S.W.2d 800, 801 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (reversing defendant's conviction for capital murder where indictment did not allege "aggravated rape" as enhancing offense under Penal Code section 19.03(a)(2) elevating murder to capital murder). The term "capital murder" is a term that describes a sentencing regime rather than a criminal offense. There is no crime of capital murder that is different from murder. Capital murder is murder. But, it is murder that is accompanied by an aggravating factor that provides the State with a greater range of punishment than that which applies to the offense of murder. The requirement that the indictment allege the aggravating factor under section 19.03(a)(2) is particularly important given that the statute lists nine possible aggravating circumstances elevating the offense of murder to capital murder. The indictment in this case did not authorize a conviction for attempted capital murder, and the State is held to the offense charged in the indictment. *See Sierra* [*v. State*], 501 S.W.3d [179], 183 [(Tex. App.—Houston [1st Dist.] 2016, no pet.)].[10]

Appellant argues to this Court that the appellate court is correct—that her sentence is illegal because her indictment did not charge, and she did not plead to, the offense of attempted capital murder. Appellant claims that the court of appeals correctly held that the indictment charged, and she pled to, the offense of attempted murder, which made her life sentence illegal because it fell outside the permissible punishment range for attempted murder.

It is true that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and is therefore illegal."[11] However, based on our

---

[10] *Id.*

[11] *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

precedent discussed below, we hold that Appellant was charged with, pled to, and was properly sentenced for, the offense of attempted capital murder.

In *Whitlow v. State*,[12] the appellant was convicted of the offense of attempted escape with a deadly weapon. No motion to quash was filed, but the appellant contended on appeal that the indictment was fundamentally defective for failing to include each of the elements of the offense of escape. The indictment in *Whitlow* charged the appellant "with the specific attempt to commit the offense of escape," by "attempt[ing] to escape from the custody of the Falls County Sheriff by the use of a deadly weapon," and "said attempt amount[ed] to more than mere preparation that tend[ed] but fail[ed] to effect the commission of the offense intended."[13] In *Whitlow*, we held that,

> The elements necessary to establish an offense under V.T.C.A., Penal Code, Section 15.01 the attempt statute comprise: 1) a person, 2) with specific intent to commit an offense, 3) does an act amounting to more than mere preparation that 4) tends, but fails, to effect the commission of the offense intended.[14]

We concluded in *Whitlow* that the indictment, which is similar to the one in this case, charged attempted escape with a deadly weapon, and thus it was not fundamentally defective.[15] We

---

[12] 609 S.W.2d 808 (Tex. Crim. App. 1980).

[13] *Id*. at 809.

[14] *Id*.

[15] *Id*.

cited to our decision in *Williams v. State*,[16] wherein this Court unanimously rejected the contention that an indictment charging an attempted offense is defective for not alleging an essential element of the consummated offense that was alleged to have been attempted.[17] In fact, we made it a point to note in *Whitlow*, that "[i]f this were a conviction for a consummated escape, the contention[—that the indictment failed to include each of the elements of the offense of escape—] would have merit."[18]

In *Jones v. State*,[19] a jury convicted the appellant of attempted murder. The appellant alleged on appeal that his motion to quash should have been granted and that the court's charge was fundamentally defective. Again, we cited to our *Williams* decision, wherein we held that "an indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted."[20] We noted in *Jones* that, regarding an attempted offense, "the offense attempted need not be proved as a completed

---

[16] 544 S.W.2d 428 (Tex. Crim. App. 1976).

[17] *Whitlow*, 609 S.W.2d at 809 (citing *Williams v. State*, 544 S.W.2d at 430 and *Gonzales v. State*, 517 S.W.2d 785, 787-88 (Tex. Crim. App. 1975)).

[18] *Whitlow*, 609 S.W.2d at 809 n.1 (first citing to *Ex parte McCurdy*, 571 S.W.2d 31 (Tex. Crim. App. 1978), and then citing to *Ex parte Abbey*, 574 S.W.2d 104 (Tex. Crim. App. 1978), and noting that, "[t]he charge here was not consummated escape but attempted escape.").

[19] 576 S.W.2d 393 (Tex. Crim. App. 1979).

[20] *Id*. at 395 (citing *Williams*, 544 S.W.2d at 430). *See also Young v. State*, 675 S.W.2d at 771; *Boston v. State*, 642 S.W.2d 799, 802 (Tex. Crim. App. 1982) (holding that an indictment for a criminal attempt need not set out the elements of the offense intended).

offense."[21]

Although our decisions in *Williams*, *Jones*, and *Whitlow* address allegations that an indictment is fundamentally defective, not that a sentence is illegal, the reasoning of those decisions, and not the cases cited by the court of appeals, nevertheless governs the outcome here. The intermediate appellate court opinions in *Crawford v. State*[22] and *Sierra v. State*,[23] which are the cases cited by the court of appeals to support its holding, are distinguishable because those cases did not involve attempted offenses.

In *Crawford v. State*, the appellant was charged with capital murder, not attempted capital murder. And since the indictment failed to allege one of the elements of the offense of capital murder, the Fourteenth Court of Appeals followed authority from this Court holding that "fundamental error exists when a jury charge authorizes a conviction for an offense not found in the indictment."[24] In this case, the offense of attempted capital murder was found in the indictment. Thus, while the decision in *Crawford* was not incorrect, it does not control the outcome in this case.

---

[21] *Jones*, 576 S.W.2d at 395.

[22] 632 S.W.2d 800 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd).

[23] 501 S.W.3d 179 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

[24] *Crawford*, 632 S.W.2d at 801 (citing *Ross v. State*, 487 S.W.2d 744 (Tex. Crim. App. 1972)). The *Crawford* opinion also cites to *Brasfield v. State*, 600 S.W.2d 288, 294 (Tex. Crim. App. 1980), "where the Court reversed a conviction for capital murder because the indictment was 'susceptible of an interpretation that the victim of the alleged kidnapping was a person other than the named deceased.'"

In *Sierra v. State*, the appellant pled guilty to burglary of a habitation with intent to commit sexual assault. The trial court classified the offense as a first-degree felony and sentenced the appellant to a 30-year prison term. On appeal, the appellant challenged this as an illegal sentence, arguing that the indictment charged him with burglary of a habitation "by concealment," which is a second degree felony, not a burglary of a habitation "by entry," which is a first degree felony. The First Court of Appeals agreed with the appellant that, because he was only charged with a second degree felony, he could not be punished for a first degree felony. If an indictment charges a complete offense, the State is held to the offense charged in the indictment.[25] In *Sierra* the indictment charged a completed offense, not an attempted offense. Thus, again, this rule of law in *Sierra* is not incorrect, but under these facts, *Sierra* does not mandate that Appellant's conviction for attempted capital murder be reduced to attempted murder.[26]

An indictment charging a consummated offense must properly charge all of the elements of that offense. But an indictment charging an attempted offense is not fundamentally defective for failure to allege the constituent elements of the offense

---

[25] *Sierra*, 501 S.W.3d at 183.

[26] In fact, if we were to follow the logic of *Sierra*, it is difficult to understand how the court of appeals could have concluded that the indictment in this case alleged the offense of attempted murder, any more than it alleged the offense of attempted capital murder, since the indictment did not charge the specific elements of murder that allegedly were attempted—i.e., that Appellant attempted to cause the death of K.W.

attempted.[27]  We hold, therefore, that the indictment in this case properly charged attempted capital murder.  It logically follows, then, that Appellant's agreement to plead to the allegations in the indictment was an agreement to plead to the offense of attempted capital murder.  Thus, Appellant's life sentence, which falls within the punishment range for attempted capital murder, is not an illegal sentence.

## CONCLUSION

The court of appeals overruled Appellant's first two points of error, but sustained her third point of error alleging that her sentence of life imprisonment is an illegal sentence.  The court of appeals did not resolve Appellant's fourth and fifth points of error.[28]  Because we hold that Appellant's sentence was not illegal, we reverse the judgment of the court of appeals and remand the case for the court of appeals to address Appellant's remaining two points of error.

DELIVERED:      September 19, 2018

PUBLISH

---

[27] *Whitlow*, 609 S.W.2d at 809; *Jones*, 576 S.W.2d at 395; *Williams*, 544 S.W.2d at 430; and *Young*, 675 S.W.2d at 771.

[28] *Wood*, 2017 WL 4127835 at *6 n.3.