**Opinion issued March 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00179-CR

———————————

**CYNTHIA KAYE WOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1445251**

---

# MEMORANDUM OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

Appellant, Cynthia Kaye Wood, pleaded guilty without an agreed recommendation to the first-degree felony offense of attempted capital murder.

Following completion of a presentence investigation (PSI) report, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court assessed appellant's punishment at life imprisonment.

On appeal, appellant raised five points of error. In her first and second points of error, appellant contended that the evidence was insufficient to support her guilty plea to the offense of attempted capital murder. In her third point of error, she argued that her sentence of life imprisonment was illegal. In her fourth point of error, she asserted that her trial attorney rendered ineffective assistance of counsel. In her fifth point of error, she argued that the trial court erred in proceeding with sentencing without a complete psychological evaluation.

This Court overruled appellant's first two points of error but sustained her third point of error, holding that her sentence of life imprisonment was illegal. We concluded that because the indictment in this case did not allege any of the aggravating circumstances that elevate the offense of murder to capital murder, *see* TEX. PENAL CODE § 19.03(a), the indictment did not authorize a conviction for attempted capital murder but, instead, authorized a conviction for attempted murder, a second-degree felony offense with a maximum sentence of confinement of twenty years. *See Wood v. State*, No. 01-16-00179-CR, 2017 WL 4127835, at *6 (Tex. App.—Houston [1st Dist.] Sept. 19, 2017), *rev'd*, 560 S.W.3d 162 (Tex. Crim. App. 2018). Finding her life sentence illegal, the Court reversed appellant's conviction

for attempted capital murder, ordered the trial court to adjudge appellant guilty of attempted murder, and remanded the case for a new sentencing hearing. *See id.*

On the State's petition for discretionary review, the Court of Criminal Appeals reversed, holding that appellant's life sentence was not illegal. *See Wood v. State*, 560 S.W.3d 162, 168 (Tex. Crim. App. 2018). Noting that "an indictment charging an attempted offense is not fundamentally defective for failure to allege the constituent elements of the offense attempted[,]" the Court of Criminal Appeals concluded that the indictment in this case properly charged attempted capital murder, and that appellant pleaded to, and was properly sentenced for, the offense of attempted capital murder. *See id.* The Court of Criminal Appeals remanded the case to this Court with instructions to address appellant's remaining two points of error. *See id.* We affirm.[1]

## Ineffective Assistance of Counsel

In her fourth point of error, appellant contends that her trial counsel rendered ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668 (1984), because he failed to object to the trial court's imposition of an illegal sentence of life imprisonment. In light of the Court of Criminal Appeals's holding that appellant's life sentence is not illegal, trial counsel did not render ineffective assistance of

---

[1] The factual and procedural backgrounds of the case are fully discussed in the prior opinions of this Court and the Court of Criminal Appeals. We do not repeat them here.

counsel on this ground. *See Wood*, 560 S.W.3d at 168. We overrule appellant's fourth point of error.

## Adequacy of Psychological Evaluation

In her fifth point of error, appellant contends that the trial court erred in proceeding with sentencing because the court-ordered psychological evaluation did not include her intelligence quotient (IQ) or adaptive behavior score as required under Article 42.12 of the Texas Code of Criminal Procedure.[2]

### A. Applicable Law

Before a trial court may impose a sentence on a defendant in a felony case, the Texas Code of Criminal Procedure requires the trial court to direct a probation officer to prepare and provide a PSI report. TEX. CODE CRIM. PROC. art. 42.12 § 9(a). In certain cases, the PSI report must include a psychological evaluation which determines the defendant's IQ and adaptive behavior score. *Id*. § 9(i). Article 42.12, section 9(i) provided:

> A presentence investigation conducted on any defendant convicted of a felony offense who appears to the judge through its own observation or on suggestion of a party to have a mental impairment shall include a psychological evaluation which determines, at a minimum, the defendant's IQ and adaptive behavior score. The results of the evaluation shall be included in the report to the judge as required by Subsection (a) of this section.

---

[2] This article was repealed by the Texas Legislature, effective September 1, 2017, and recodified as its own chapter, chapter 42A, of the Texas Code of Criminal Procedure. The substantive content referenced herein survives. *See* TEX. CODE CRIM. PROC. art. 42A.253(a)(6).

*Id.*

Even in felony cases, the right to have a trial court order preparation of a PSI report may be forfeited by inaction. *See Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005) (holding that defendant may waive right to preparation of PSI report required by article 42.12, section 9(a)); *Jimenez v. State*, 446 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (considering whether defendant preserved claim that trial court erred in not ordering PSI report required by article 42.12, section 9(a)). Similarly, "[t]he right to a psychological evaluation may be forfeited . . . ." *Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)). "To preserve error, a party must specifically object to the omission of a psychological evaluation from the presentence investigation report." *Id.* (quoting *Welch*, 335 S.W.3d at 382); *see also Brand v. State*, 414 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

## B. Analysis

Appellant complains that the trial court erred in proceeding with sentencing because her psychological evaluation did not include a determination of her IQ or adaptive behavior score. The record reflects that the PSI report introduced into evidence at the sentencing hearing included a competency evaluation form and a forensic psychiatric evaluation prepared by the court-appointed psychiatric expert,

5

but neither document included a determination of appellant's IQ or adaptive behavior score. Appellant acknowledges that she did not object to the omission and that several courts of appeals have held that error in considering an incomplete report under article 42.12, section 9(i) was waived if not objected to at trial. Nonetheless, appellant urges us to follow *Garrett v. State*, 818 S.W.2d 227 (Tex. App.—San Antonio 1991, no pet.), in which the San Antonio Court of Appeals held that the mandatory provisions of article 42.12, section 9(i) were not forfeited by a failure to object to a trial court's noncompliance. *See id.* at 229.

This Court, as well as several of our sister courts, have declined to follow the reasoning in *Garrett*. *See Morris*, 496 S.W.3d at 838 (holding defendant waived any error in omission of adaptive behavior score from PSI report where defense counsel failed to object at or after sentencing hearing to omission); *see also Castello*, 555 S.W.3d at 617–18 (citing *Morris* and rejecting defendant's reliance on *Garrett*); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that party must object to omission of psychological evaluation from PSI report to preserve error); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd) (holding that right to PSI report provided for by article 42.12, § 9(a) was subject to procedural default and could be forfeited by inaction). Following our Court's precedent in *Morris*, we decline to follow *Garrett* under the facts presented in this case. Because appellant did not object to the omission of her IQ or adaptive

6

behavior score from the PSI report, any error is waived. *See Morris*, 496 S.W.3d at 838. Accordingly, we overrule her fifth point of error.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).