

# NUMBER 13-22-00440-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA POWELL,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant Joshua Powell was charged with attempted capital murder, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 19.03, 12.31, 12.32(a), 15.01(d). Powell pleaded guilty pursuant to an open plea, and following a jury trial on punishment, a jury assessed life imprisonment. By a single issue, Powell asserts his sentence is grossly

disproportionate and in violation of the Eighth and Fourteenth Amendment. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I. BACKGROUND

On August 4, 2021, following complaints of a possible domestic disturbance, Corpus Christi Police Department Officer Manuel Dominguez was dispatched to an apartment where Powell resided with his mother Olga Robles, his girlfriend Annabelle Uballe, and their three young children. Robles greeted Officer Dominguez and notified him that Powell had retreated to his bedroom, which Powell shared with Uballe and their children.

According to Uballe, while Officer Dominguez was outside speaking to Robles, Powell retrieved his .22 caliber pistol from a nearby dresser drawer and told her "if a cop came in . . . he would shoot." Officer Dominguez knocked on the bedroom door, identifying himself and requesting to speak with Powell. Shortly thereafter, the door opened, Powell removed his gun from his waistband, and began shooting. Uballe grabbed their three children and shielded them on the floor.

Powell shot Officer Dominguez a total of eleven times, striking Officer Dominguez's face, arm, chest, and back of the head. Officer Dominguez testified that after he was shot, he stumbled towards the kitchen, where he collapsed. As Officer Dominguez attempted to "crawl out" of the residence, Powell followed him. "I was thinking maybe he would try to run or something to that effect. But he followed me and kept on shooting me and shooting me," testified Officer Dominguez. At one point, Powell began hitting Officer Dominguez with the gun itself. The entire exchange was captured on Officer Dominguez's

2

body cam—including periods of time which Officer Dominguez had no recollection of, such as, radioing for backup and advising dispatch that he had been shot. Police arrived to find Officer Dominguez in the living room, bleeding profusely; his right eye was bulging from its socket. Powell fled and was later apprehended.

Prior to trial, Powell acknowledged that he understood that the range of punishment for the offense of attempted capital murder is confinement for no less than five years and no more than ninety-nine years or life. Having acknowledged this, Powell pleaded guilty to attempted capital murder. The jury assessed punishment at life, and no objection related to excessive or disproportionate sentencing was raised. This appeal followed.

## II.    PUNISHMENT

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable to the states by virtue of the Fourteenth Amendment (citing *Robinson v. California*, 370 U.S. 660, 666–67 (1962))). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23

3

(citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

However, to preserve for appellate review a complaint that a sentence is grossly disproportionate or cruel and unusual, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (concluding defendant had failed to preserve disproportionate-sentencing complaint); *see also Ware v. State*, No. 05-22-00303-CR, 2023 WL 3070938, at *1 (Tex. App.—Dallas Apr. 25, 2023, no pet.) (mem. op., not designated for publication) (concluding same where appellant was convicted to a term of life imprisonment for a nonviolent offense).

At no time prior to this appeal did Powell argue that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights.[1] Accordingly, Powell failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 928; *see generally Wood v. State*, 560 S.W.3d 162, 168

---

[1] During the pendency of this appeal, Powell filed a pro se letter entitled "Motion to Abate the Appeal for an Out of Time Motion for New Trial." However, Powell is represented by counsel on appeal, and he is not entitled to hybrid representation. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (reaffirming appellant does not have a right to hybrid representation on appeal); *see also Benson v. State*, No. 13-19-00519-CR, 2021 WL 4202150, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 16, 2021, pet. ref'd) (mem. op., not designated for publication) (same). Therefore, we do not address his pro se motion. *See Ex parte Bohannan*, 350 S.W.3d 116, n.1 (Tex. Crim. App. 2011) ("We have received numerous documents from applicant himself, but applicant is represented by counsel and is not entitled to hybrid representation. . . . Because applicant is represented by counsel, we disregard his numerous *pro se* submissions and take no action on them.") (citations omitted).

(Tex. Crim. App. 2018) ("Appellant's life sentence, which falls within the punishment range for attempted capital murder, is not an illegal sentence."); *Cisneros v. State*, 622 S.W.3d 511, 521 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.) (holding appellant's consecutive ninety-nine-year prison sentences for continuous sexual abuse did not constitute cruel and unusual punishment). We overrule Powell's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of June, 2023.