

# NUMBER 13-22-00217-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICHARD SHANE KNIGHT,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 36th District Court
## of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellant, Richard Shane Knight, was tried before a jury and convicted of the offense of violation of a bond/protective order, two or more times within twelve months, a third-degree felony. *See* TEX. PENAL CODE. ANN. §§ 25.07, 25.072. The jury assessed a sentence of thirty years' imprisonment, enhanced by Knight's habitual felon offender status. *See id.* § 12.42(d). By three issues, which we reorganize below, Knight contends

that the evidence is insufficient to support his conviction; the trial court abused its discretion in admitting jail call recordings over Knight's authentication and Confrontation Clause objections, *see* TEX. R. EVID. 901(a); *see also* U.S. CONST. amend. VI; and the imposed sentence amounts to cruel and unusual punishment. *See* U.S. CONST. amend. VIII. We affirm.

## I. BACKGROUND

Magistrate Judge Diana McGinnis of Aransas County, Texas, entered an emergency protective order on August 2, 2021. The order prohibited Knight from "communicating in any manner with Jennifer Lea Stout" except through her attorney or appointed advocate. The order also expressly stated that it was to continue for a period of sixty-one days.

On February 10, 2022, the State indicted Knight for the offense of violation of a protective order two or more times within a twelve-month period, alleging that:

> [Knight] intentionally and knowingly violat[ed] the terms of an order issued on the 2[nd] day of August, 2021, by Judge Diana McGinnis of the Justice of the Peace [Precinct No.] 2 of Aransas County, Texas, under authority of Article 17.292 of the Texas Code of Criminal Procedure, by intentionally and knowingly communicating with [Stout], a protected individual, on two or more of the following occasions: August 3, 2021, August 11, 2021, August 13, 2021, August 27, 2021, September 13, 2021, September 17, 2021, September 18, 2021, September 19, 2021, September 21, 2021, and September 30, 2021.

Knight pleaded not guilty, and at trial, Judge McGinnis testified regarding the admonishments she had given Knight prior to her issuance of the emergency protective order. Judge McGinnis confirmed the presence of her signature and Knight's signature on the order, wherein Knight acknowledged his understanding and his receipt of the order

2

prohibiting communication between himself and Stout. A video recording of the magistration proceeding was admitted into evidence at trial. Also admitted were several jail call recordings made by Knight to Stout within the sixty-day period following the court's issuance of the emergency protective order. In two separate recordings, Knight can be heard saying:

> If you recant your statement and it goes before the judge, there should be—there's no reason that they hold me here. They can't tell you to press—"Oh you have to do this." . . . Judge McGinnis scared you.
>
> . . . .
>
> Tell them you made a mistake, that you want to recant, you want to pull the protection order, and you need—until you talk to a judge. I would do it for you if you were in here. . . . How am I locked up if you wanna drop all the charges? How?

The jury returned a finding of guilt, and this appeal followed.

## II.    GUILT-INNOCENCE

By his first and second issues, Knight contends that the evidence is insufficient to support his conviction because the trial court abused its discretion in its admission of recorded jail calls between Knight and Stout against Knight's authentication and Confrontation Clause objections. *See* TEX. R. EVID. 901(a); *see also* U.S. CONST. amend. VI.

### A.    Rule 901

#### 1.    Standard of Review and Applicable Law

Rule 901 provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied when the proponent of the evidence has shown "evidence sufficient to support a finding that the item is what the proponent claims

3

it is." *See* TEX. R. EVID. 901(a). Rule 901(b) lists non-exclusive examples of evidence of authentication or identification that complies with the rule's requirements. *See id.* Rule 901(b)(5), for example, states that "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker" is evidence sufficient to authenticate a voice record. *Id.* R. 901(b)(5). Moreover, under Rule 901(b)(6)(A), evidence concerning a telephonic conversation can be authenticated where the proponent presented "evidence that a call was made to the number assigned at the time to . . . a particular person, if circumstances, including self-identification, show that the person answering was the one called." *Id.* "[A]uthenticating evidence may be direct or circumstantial." *Butler v. State*, 459 S.W.3d 595, 602 (Tex. Crim. App. 2015). We review a trial judge's decision to admit or exclude evidence under an abuse of discretion standard. *Id.* "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

### 2.    Analysis

The key question for admissibility under Rule 901 is simply whether the proponent has supplied facts sufficient to support a reasonable jury determination that the evidence is authentic. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Here, the State's evidence established that the recordings were made at the Aransas County Detention Center (ACDC), through the jail's phone call recording system, while Knight was in jail, by an inmate utilizing Knight's unique personal identification number and voice

4

print, and by an inmate who was discussing Knight's unique, personal matters. *See id.* Specifically, the State introduced the relevant jail call recordings, State's Exhibits 3–12, through David Klanica, an ACDC administrative officer in charge of the inmate phone call recording system. Klanica affirmed he was the custodian of records; the jail calls were made from Knight's account from August 1st of 2021 through October 1st of 2021; the jail call recordings were made in the regular course of business and are true and accurate recordings. Rachel Jeanette Marshman, a lieutenant with Rockport Police Department, testified that Knight's identity as the inmate caller is further evinced by his disclosures concerning the existing protective order and his repeated references to his relationship with Stout.

Though neither of the State's witnesses could exclude the possibility that another inmate might have used Knight's unique identification number to make a call, such a categorical exclusion is not necessary to establish the authenticity of jail call recordings. *See Butler*, 459 S.W.3d at 600; *see also Garcia v. State*, No. 13-19-00390-CR, 2020 WL 7757378, at *6 (Tex. App.—Corpus Christi–Edinburg Dec. 30, 2020, pet. ref'd) (mem. op., not designated for publication). Thus, the recordings were sufficiently authenticated for purposes of Rule 901. *See Mosley v. State*, 355 S.W.3d 59, 69 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("Alternate grounds to authenticate the identity of a telephone caller include self-identification of the caller coupled with additional evidence such as the context and timing of the telephone call, the contents of the statement challenged, internal patterns[,] and other distinctive characteristics and disclosure of knowledge and facts known peculiarly to the caller."); *see also Martinez v. State*, No. 08-19-00046-CR, 2021

5

WL 804181, at *6 (Tex. App.—El Paso Feb. 10, 2021, no pet.) (mem. op., not designated for publication) (concluding the evidence had been sufficiently authenticated where the State established through the records custodian that the recordings were made through the jail's phone call recording system while the appellant was in custody, and by an inmate utilizing appellant's unique inmate number and engaging in conversation about topics unique to appellant); *Robinson v. State*, No. 14-19-00934-CR, 2021 WL 388687, at *5 (Tex. App.—Houston [14th Dist.] Feb. 4, 2021, no pet.) (mem. op., not designated for publication) (same); *Garcia*, 2020 WL 7757378, at *6 (same); *Long v. State*, No. 09-15-00295-CR, 2017 WL 1953229, at *2 (Tex. App.—Beaumont May 10, 2017, no pet.) (mem. op., not designated for publication) (same); *Malone v. State*, No. 05-11-00157-CR, 2013 WL 427354, at *3 (Tex. App.—Dallas Feb. 5, 2013, no pet.) (mem. op., not designated for publication) (same). Accordingly, the trial court did not abuse its discretion when it admitted the jail call recordings on this subissue. We overrule Knight's subissue.

### B. Confrontation Clause

#### 1. Standard of Review and Applicable Law

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The prohibition against evidence being admitted against a defendant in violation of the Confrontation Clause applies to "testimonial evidence." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Whether a statement is testimonial under the Confrontation Clause is a question of law reviewed de novo. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) ("Whether a statement is

testimonial is a question of law."); *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006) ("Although we defer to a trial court's determinations of historical facts and credibility, we review a constitutional legal ruling, *i.e.*[,] whether a statement is testimonial or non-testimonial, *de novo*.").

### 2. Analysis

Regarding Knight's assertion that in admitting the recordings, the trial court violated his right to confront witnesses, the fact that the jail calls were made within a correctional facility does not make the statements per se testimonial and subject to the protections of the Confrontation Clause. *See Nicholls v. State*, 630 S.W.3d 443, 450 (Tex. App.—Eastland 2021, pet. ref'd) (rejecting appellant's confinement in the county jail and awareness that his jail calls were being recorded did not convert statements made during the recorded call into a testimonial setting); *see also Garcia v. State*, No. 01-21-00349-CR, 2022 WL 17981855, at *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. ref'd) (mem. op., not designated for publication) (observing that "[m]ultiple courts have found that recorded jail calls are not per se testimonial simply because the participants knew the call was recorded"); *Barnum v. State*, No. 05-21-00275-CR, 2022 WL 2763353, at *7 (Tex. App.—Dallas July 15, 2022, pet. ref'd) (mem. op., not designated for publication) (same). Significantly, neither Knight's own statements, nor Stout's statements, were made under circumstances that objectively indicate a primary purpose to preserve the statements for later use in prosecution. *See Nicholls*, 630 S.W.3d at 450. In other words, statements contained in the admitted jail call recordings were not testimonial for purposes of Confrontation Clause protections, and the trial court did not abuse its discretion in its

admittance of the jail call recordings against Knight's Confrontation Clause objection. *See id.*; *see also Garcia*, 2022 WL 17981855, at *6 (concluding that "the statements in the recorded jail call that were made by the unidentified speaker are not testimonial and do not implicate the Confrontation Clause"); *Barnum*, 2022 WL 2763353, at *7 (same). We overrule Knight's second subissue.

## C.      Sufficiency of the Evidence

### 1.      Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, "we consider the evidence in the light most favorable to the verdict" and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (adopting the standard of review for a sufficiency challenge as set out by *Jackson*). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Edward*, 635 S.W.3d at 655; *see Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023) ("If the record supports conflicting inferences, the reviewing court must presume that the factfinder resolved the conflicts in favor of the prosecution and defer to the jury's factual determinations.") (cleaned up). We remain mindful that "[c]ircumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Delagarza v. State*, 635 S.W.3d 716,

8

723 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd) (citing *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018)). We measure the sufficiency of the evidence by comparing the evidence produced at trial against "the essential elements of the offense as defined by the hypothetically correct jury charge." *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

A hypothetically correct jury charge here would require the State to prove that, in violation of an emergency protective order issued pursuant to Article 17.292 of the Texas Code of Criminal Procedure, Knight "communicate[d] in any manner" with Stout two or more times during a period of twelve months or less. *See* TEX. PENAL CODE ANN. § 25.07(a)(2)(C), 25.072; *Wesley v. State*, 605 S.W.3d 909, 916 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

### 2. Analysis

Claims that the State failed to prove the identity of the caller and call's recipient lies at the crux of Knight's evidentiary sufficiency challenge. In our authentication analysis, we reviewed testimony elicited from Klanica and Lieutenant Marshman evidencing Knight's identity as the caller. *See Garcia*, 667 S.W.3d at 762. We now review evidence regarding Stout's identity as the recipient of Knight's jail calls.

Lieutenant Marshman testified that the jail calls in State's Exhibits 6–12 were all made to a 570-area code number associated with Stout. Lieutenant Marshman testified, without objection, that jail calls in Exhibits 3–5 were made to a 361-area code number, and in Exhibit 5b, Knight tells the call's recipient that he will call her at the 570-area code

number. According to Lieutenant Marshman, during the period of August 1, 2021, to October 1, 2021, no other 570-area code numbers were called, and Knight's only criminal matter and existing protective order concerned Stout. Thus, although the call's recipient never identified herself, a rational juror could have concluded Stout was the call's recipient.

Further, irrespective of the content of the calls, a rational juror could have found the aforementioned testimony to be sufficient evidence that Knight "communicate[d] in any manner" with Stout two or more times during a period of twelve months or less in violation of a known protective order. *See* TEX. PENAL CODE ANN. § 25.07(a)(2)(C), 25.072; *Edward*, 635 S.W.3d at 655. We overrule Knight's first issue in its entirety.

### III. PUNISHMENT

In his third issue, Knight asserts that the sentence imposed was disproportionate to the seriousness of the offense committed and amounts to cruel and unusual punishment.

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable

to the states by virtue of the Fourteenth Amendment (citing *Robinson v. California*, 370 U.S. 660, 666–67 (1962))). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

However, to preserve for appellate review a complaint that a sentence is grossly disproportionate or cruel and unusual, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (concluding defendant had failed to preserve disproportionate-sentencing complaint); *see also Ybarra v. State*, No. 13-19-00394-CR, 2021 WL 727388, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, pet. ref'd) (mem. op., not designated for publication) (concluding issue was not preserved where appellant was sentenced to twenty-five years' imprisonment for tampering with evidence, enhanced by his felony habitual offender status); *Newman v. State*, No. 13-13-00564-CR, 2014 WL 2937001, at *1 (Tex. App.—Corpus Christi–Edinburg June 26, 2014, no pet.) (mem. op., not designated for publication) (concluding issue was not preserved where appellant was sentenced to forty years' imprisonment for felony driving while intoxicated, enhanced by his felony habitual offender status).

At no time prior to the appeal did Knight argue that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights. Accordingly, Knight failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 927–28. Moreover, even assuming Knight did preserve error, the sentence Knight received of thirty years' imprisonment was on the lower end of the statutory range of "not more than 99 years or less than 25 years," a range which had been elevated due to his habitual felon status. *See* TEX. PENAL CODE ANN. § 12.42(d). Sentences within the statutory range, such as Knight's, are generally not excessive, cruel, or unusual. *See Wood v. State*, 560 S.W.3d 162, 168 (Tex. Crim. App. 2018); *Trevino*, 174 S.W.3d at 928; *see also Stuckey v. State*, No. 13-19-00529-CR, 2021 WL 1045803, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 18, 2021, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's sentence of thirty years' imprisonment for the offense of possession of a controlled substance, penalty group 1, one gram or more but less than four grams enhanced by prior felony convictions is within the statutory range, and, thus, likely not excessive or cruel); *Barrera v. State*, No. 13-15-00374-CR, 2016 WL 744473, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2016, no pet.) (mem. op., not designated for publication) (concluding appellant's sentence of forty years' imprisonment for tampering with evidence, enhanced by his habitual felony offender status, fell within the applicable range prescribed by the legislature and is not excessive, cruel, or unusual). We overrule Knight's third issue.

**IV.    CONCLUSION**

We affirm the trial court's judgment.

12

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of July, 2023.