

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00363-CR

DAVID DELCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2018-414,636, Honorable John J. "Trey" McClendon III, Presiding

July 26, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Dispute regarding the propriety of David Delce's conviction for aggravated robbery appears before us once again. We addressed an earlier controversy in *State v. Delce*, No. 07-21-00165-CR, 2022 Tex. App. LEXIS 4173 (Tex. App.—Amarillo June 17, 2022, pet. ref'd) (mem. op., not designated for publication) (*Delce I*). It concerned whether the trial court erred in granting a new trial due to defense counsel's purported ineffectiveness. We concluded that it did because the alleged mistake of counsel was not prejudicial. *See id.* at *3 (explaining the need for both deficient performance and prejudice arising from it).

As a result, we reversed the order granting new trial. That resulted in the instant appeal from his final conviction.

His three issues are cousins to those involved in *Delce I*. We view them so given that all are tied to an interview between Delce and an investigating officer. The interview included questions about whether Delce would submit to a polygraph. In so asking, the investigator attempted to explain the polygraph procedure. That prompted various utterances from Delce. The trial court initially admitted into evidence a redacted version of that interview containing those utterances but omitting reference to a polygraph. Upon hearing the redaction, it then admitted a modification of it, i.e., second redaction. The modification added context to Delce's responses. That is, without the changes, one could interpret them as possible admissions to his knowing one or more participants in the aggravated robbery. With the changes, one could interpret his comments as merely acknowledging how a polygraph works. Now, we are being told by appellant that the trial court erred in overruling his subsequent request to admit other excerpts of the interview; that opportunity was sought by Delce as a means of providing additional context to his responses. We affirm.

Preliminarily, we note that the factual circumstances of the case were described *Delce I*. They need not be reiterated here.

Next, we address whether the issues before us were preserved. *See Wood v. State*, 560 S.W.3d 162, 165 n.8 (Tex. Crim. App. 2018) (noting that to be a preliminary matter for the reviewing court to assess). As indicated, each issue before us concerns the trial court's refusal to admit additional excerpts of the interview. Delce asked for them, which request the trial court denied. He then objected to the ruling and proffered

constitutional and non-constitutional grounds underlying the objection. Those grounds underlie the issues before us. So, we have a request and a contemporaneous objection to the trial court's denial of it. That sufficed to preserve the issues for review. *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (stating that a contemporaneous objection must be made to preserve error for appeal).

Having found preservation, we assume, *arguendo*, that error occurred in refusing to admit the additional excerpts and jump to harm. Generally, it must exist before the conviction may be reversed. And, the test used in assessing harm varies on whether the error is of constitutional or non-constitutional magnitude. *See Mercier v. State*, 322 S.W.3d 258, 262 (Tex. Crim. App. 2010) (describing the different tests). And, we find none for basically the same reasons we reversed the earlier order granting a new trial.

Delce argues that the tests for harm under Texas Rule of Appellate Procedure 44.1 and the prejudice integral to sustaining a claim that defense counsel rendered ineffective assistance differ. Allegedly the former are more easily satisfied. Even if that were so, the same circumstances on which we relied in *Delce I* show the absence of harm under Rule 44.2, as we now explain.

The State sought to convict Delce as a party to the aggravated robbery. It portrayed him as "the inside man." Furthermore, the manner in which his responses were structured in the initial redacted version of the interview could be interpreted as indicating he knew those who physically attacked the victims. The second redacted version was intended to place the exchange in context and potentially dispel that interpretation. Delce wanted more. So, he asked for inclusion of the additional information.

3

Yet, as we observed in *Delce I*, defense counsel conceded, during his closing argument, that "they knew each other." *State v. Delce*, 2022 Tex. App. LEXIS 4173, at *5. So too did other evidence establish that appellant communicated with the attackers via his cellphone shortly before the attack. Additionally, the modified or second redaction "provided the missing context of Delce's reply and clarified its substance." *Id.* at *6. Together the foregoing indicia cleanse the alleged error in question of harm. It did not affect his substantial rights. *See* TEX. R. APP. P. 44.2(b) (stating that non-constitutional errors must be disregarded if they fail to affect substantial rights). And, we are sure, beyond reasonable doubt, that the error did not contribute to his conviction or punishment. *See* TEX. R. APP. P. 44.2(a) (stating that in the case of constitutional error, we must reverse unless we decide, beyond reasonable doubt, the error did not contribute to the conviction or punishment). So irrespective of whether the test is that used when analyzing the effectiveness of counsel or applying Rule 44.1, Delce was not harmed.

The three issues before us are overruled and we affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.