

## NUMBER 13-23-00586-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ALEJANDRO SUNIGA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant Alejandro Suniga appeals a judgment revoking his community supervision, adjudicating him guilty of sexual assault of a child, a second-degree felony, and sentencing him to eight years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). In two issues, Suniga argues that (1) the trial court erred in assessing

fines, court costs, and fees without inquiring on the record whether he has the ability to pay the amount assessed[1]; and (2) his sentence is disproportionate to the seriousness of the offense in violation of the eighth amendment.[2] *See* U.S. CONST. amend. VII. We affirm.

## I. BACKGROUND

Suniga pleaded guilty to sexual assault of a child pursuant to a plea agreement in which he agreed to pay a $2,500 fine in exchange for the State's dismissal of a separately charged offense and the State's recommendation of ten years deferred adjudication probation. Suniga signed a waiver of rights and acknowledgements in which he stated, "I hereby waive and give up any **RIGHT TO APPEAL** that I may have to the judgment of the court." The trial court accepted Suniga's plea, ordered deferred adjudication community supervision for a period of ten years, and imposed a $2,500 fine, $290 in court costs, and an $80 reimbursement fee. The trial court's order of deferred adjudication states, "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above[.]" The conditions of community supervision, which Suniga acknowledged, required that he pay court costs, fines, and community supervision fees. The conditions required that Suniga pay the $2,500 fine at a rate of $50 per month. The trial court later signed an order amending the conditions of community supervision,

---

[1] In his brief's table of contents, Suniga complains that the underlying judgment is void for failing to comport with the trial court's oral pronouncement of his sentence. However, he does not list this complaint in the issues presented section of his brief, nor does he provide any argument in support of this complaint. *See* TEX. R. APP. P. 38.1(f), (i). Accordingly, we do not address it.

[2] The State has not filed an appellee's brief to assist the Court in the resolution of this appeal.

probating part of the fine and reflecting a remaining balance of $945.

The State later filed a motion to adjudicate guilt, alleging that Suniga violated multiple conditions of his community supervision. At the hearing on the State's motion, Suniga pleaded true to the alleged violations. The trial court revoked Suniga's community supervision, adjudicated him guilty, and ordered that he pay the balance of the previously imposed court costs, fines, and fees, which were $865.59, $159.41, and $70, respectively. The judgment states that the trial court "conducted an inquiry into Defendant's ability to pay" and orders Suniga to pay the outstanding balance "[u]pon release from confinement." This appeal followed.

## II. ABILITY TO PAY

In his first issue, Suniga argues the trial court erred in assessing fines, court costs, and fees without inquiring on the record whether he has the ability to pay the amount assessed.

## A. Applicable Law

"Court costs are pre-determined, legislatively[ ]mandated obligations resulting from a conviction." *Houston v. State*, 410 S.W.3d 475, 477 (Tex. App.—Fort Worth 2013, no pet.); *see Salinas v. State*, 523 S.W.3d 103, 112 (Tex. Crim. App. 2017). Court costs are compensatory in nature and represent "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (quoting *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009)). On the other hand, fines are punitive and are intended to be part of the convicted defendant's sentence. *Id.*; *see Anastassov v. State*, 664 S.W.3d 815,

3

823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment.").

Article 42.15(a-1) of the Texas Code of Criminal Procedure requires the trial court to ask on the record whether a defendant has the ability to immediately pay fines and costs:

> [D]uring or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . , a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine or costs should be:
>
> (1)     . . . required to be paid at some later date or in a specified portion at designated intervals;
>
> (2)     discharged by performing community service . . . ;
>
> (3)     waived in full or in part under Article 43.091 or 45.0491; or
>
> (4)     satisfied through any combination of methods under Subdivisions (1)-(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added).[3]

When imposing a fine and costs, subject to Article 43.091, the trial court "may direct a defendant [to pay]: (1) . . . the entire fine and costs when sentence is pronounced; (2) . . . the entire fine and costs at some later date; or (3) . . . a specified portion of the fine and costs at designated intervals." TEX. CODE CRIM PROC. ANN. art. 42.15(b). Article 43.091 provides that a trial court may waive payment of all or part of a fine imposed if it determines that: "(1) the defendant is indigent or does not have sufficient resources or

---

[3] The "on the record" language was added to the statute in 2021 and became effective on September 1 of that year. Act of May 8, 2021, 87th Leg., R.S., ch. 106, §§ 1, 6, 2021 TEX. GEN. LAWS 202 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)). It applies to any fine, fee, or cost imposed before, on, or after the effective date. *Id.* § 5.

4

income to pay all or part of the fine . . . ; and (2) each alternative method of discharging the fine under Article 43.094 or 42.15 would impose an undue hardship on the defendant." *Id.* art. 43.091(a).

## B. Analysis

In its judgment of conviction, the trial court assessed fines, court costs, and fees in an amount reflecting the balance of those ordered as conditions of community supervision but unpaid.[4] There is no indication the trial court conducted an ability-to-pay inquiry "on the record" as required by statute. *See* TEX. CODE CRIM PROC. ANN. art. 42.15(a-1). However, Suniga did not object to the lack of an "on the record" inquiry. *See id.* art. 42.15(a-2) ("A defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record."). Assuming arguendo that no "on the record" inquiry was made, that this failure constitutes error, and that Suniga did not waive his right to complain about it, we nevertheless conclude that Suniga failed to establish that he was harmed.

---

[4] By adjudicating guilt, the trial court set aside its previous deferred adjudication order. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (explaining that an "order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine" and requiring the trial court to orally pronounce fine upon adjudication); *see also January v. State*, No. 13-23-00247-CR, 2024 WL 1451223, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2024, no pet. h.) (mem. op., not designated for publication) ("[W]hen a defendant is placed on deferred-adjudication community supervision which is later revoked, any fine assessed at the original plea hearing must be re-pronounced at the time of adjudication."). We assume without deciding that Suniga's alleged error occurred upon his conviction and not when he was placed on community supervision such that he did not forfeit his complaint. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("Appellant had knowledge that she was to be charged for her appointed attorney fee, as evidenced by the multiple admonishments that she signed, but she forfeited her claim by foregoing her initial appeal."); *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013) ("That he chose to forego that appeal must work as a forfeiture of the claim, and he may not, consistent with our case law, attempt to resuscitate it in a later appeal from the revocation of his community supervision."); *see also Shaffer v. State*, No. 06-22-00171-CR, 2023 WL 4167882, at *2 (Tex. App.—Texarkana June 26, 2023, no pet.) (mem. op., not designated for publication) ("Under generally applied principles, if Shaffer wished to complain of amounts taxed against her through the original order of community supervision, she was required to raise the issue in a timely filed appeal of that order.").

Non-constitutional error in a criminal case that does not affect the defendant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *See Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023) (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)). In *Sloan v. State*, our sister court addressed a very similar issue. 676 S.W.3d 240 (Tex. App.—Tyler 2023, no pet.). Assuming error, the court concluded that the appellant was not harmed by the trial court's failure to conduct an ability-to-pay inquiry on the record. *Id.* at 242. The court explained that a remand was appropriate only if the trial court's error "prevent[ed] the proper presentation of the case to [the appellate] court and the trial court can correct its action or failure to act." *Id.* at 241 (citing TEX. R. APP. P. 44.4(a)). The appellant did not argue that the trial court's failure to strictly comply with the statute prevented him from raising or developing a claim on appeal. *Id.* at 242. Further, the court found that the trial court's ability-to-pay inquiry could be implied from the record because, as here, its judgment required the appellant to pay his fines and court costs "[u]pon release from confinement." *Id.* It concluded that this language comported with article 42.15(a-1)'s option to defer payment if a defendant lacked the present ability to pay. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1)). Therefore, the court reasoned that the trial court "must have determined that [the appellant] did not have sufficient resources or income immediately to pay all or part of the fine and costs." *Id.* The court explained that because appellant did not challenge the trial court's order that he pay the fine and costs upon release, any remand for an "on the record" ability-to-pay inquiry would be "gratuitous," given that the ultimate outcome from

6

such an inquiry was implicit from the record. *Id.*

We find *Sloan* instructive, as have a number of appellate courts. *See Sloan*, 676 S.W.3d at 242; *see also Polanco v. State*, No. 11-23-00015-CR, 2024 WL 2194617, at *9 (Tex. App.—Eastland May 16, 2024, no pet. h.) (mem. op., not designated for publication); *Jones v. State*, No. 14-22-00495-CR, 2024 WL 848371, at *6 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.) (mem. op., not designated for publication); *Sanders v. State*, No. 05-22-01376-CR, 2024 WL 725529, at *9 n.2 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (mem. op., not designated for publication); *Stanberry v. State*, No. 07-23-00194-CR, 2024 WL 538835, at *2–3 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication); *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *6 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication).

Here, the trial court found Suniga indigent and ordered him to pay fines, court costs, and fees upon his release from confinement. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1)(1). Suniga does not challenge this particular order, nor does he complain that he was unable to present any issue on appeal to this court; therefore, remand for an ability-to-pay inquiry on the record would amount to an unnecessary exercise and a waste of judicial resources. We conclude that Suniga has not demonstrated that the alleged error has affected his substantial rights. *See* Tex. R. App. P. 38.1(i); 44.2(b); *see also Sanders*, 2024 WL 725529, at *9 (concluding that appellant failed to show his substantial rights were affected by the trial court's lack of an express ability-to-pay inquiry); *Gilmer v. State*, No. 12-23-00054-CV, 2023 WL 8103957, at *4 (Tex. App.—Tyler Nov. 21, 2023,

7

no pet.) (mem. op., not designated for publication) (concluding that the court did not err in denying appellant's motion to rescind its order to withdraw funds from his inmate account when it failed to conduct an inability-to-pay inquiry "[b]ecause the court determined Gilmer was unable to pay any part of the fine immediately, [and thus] Gilmer fails to show that his substantial rights were affected by the omission of an ability-to-pay inquiry"). We overrule Suniga's first issue.

### III.    EIGHTH AMENDMENT

In his second issue, Suniga argues that the trial court's sentence is disproportionate to the seriousness of the alleged offense in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII.

The Eighth Amendment—made applicable to the states through the Fourteenth Amendment—prohibits the imposition of cruel and unusual punishments, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 560 U.S. 48, 58–60 (2010); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *id*. amend. XIV. An allegation of excessive or disproportionate punishment is a legal claim based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). To preserve a complaint that a sentence constitutes cruel and unusual punishment, a

8

defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

In the trial court, Suniga did not object or file a motion for new trial on the basis that his sentence was disproportionate to the charged offense or unconstitutional in any manner. Accordingly, we hold that Suniga failed to preserve this complaint for our review.[5] *See* TEX. R. APP. P. 33.1(a); *Smith*, 721 S.W.2d at 855. Assuming arguendo that Suniga preserved error, we note that his eight-year prison sentence falls within the statutory range for punishment for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) (providing for a term of imprisonment "of not more than 20 years or less than 2 years"). Sentences within the statutory range are generally not excessive, cruel, or unusual. *See* *Wood v. State*, 560 S.W.3d 162, 168 (Tex. Crim. App. 2018); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have

---

[5] We have previously held that "an unpreserved grossly disproportionate sentencing argument cannot conceivably persuade this Court and is thus frivolous." *Trevino v. State*, 676 S.W.3d 726, 732–33 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.).

relieved him of the necessity of a timely, specific trial objection."); *see also Copeland v. State*, No. 05-16-00293-CR, 2017 WL 3725729, at *3 (Tex. App.—Dallas Aug. 30, 2017, no pet.) (mem. op., not designated for publication) (holding that an eight-year sentence for theft was not cruel and unusual punishment). We overrule Suniga's second issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of July, 2024.